## PELLEGRINO v PELLEGRINO

Ohio Appeals, 2nd Dist, Franklin Co

No 2603. Decided March 7, 1936

Horace S. Kerr, Columbus, and Robert Leach, for plaintiff in error.

J. F. Cianflona, Columbus, for defendant in error.

**OPINION**

By BARNES, P.J.

It will be observed that the entry makes no reference to the application for modification of order. We do find among the papers a one-page document, marked entry, stamped filed in the Clerk's office on September 5, 1935, which entry purports to overrule the motion for modification of the order for alimony. Strictly, under the law, this entry while purporting to be filed in the Clerk's office, may not be considered for the reason that it is not an original document or paper in the case. It is quite true in practice that entries after being approved by the trial court are filed in the Clerk's office and thereafter journalized, but this procedure is only a convenience and the entry does not rise to the dignity of an order of the court until it is journalized. This is the reason that the law requires plaintiff in error to file with his petition in error a transcript of docket and journal entries. The petition in error was filed in this court on September 5, 1935, which is the same date that the document entitled "entry" purports to have been filed. This possibly explains why it does not appear in the transcript of docket and journal entries.

The petition in error, under Specification 2, claims prejudicial error in the court's refusal to vacate and set aside or to modify the order of the court as to the payment of alimony.

Even if the entry was properly presented in the transcript of docket and journal entries, we would still hold that the record exemplifies no error in the court's refusal to modify the order as to the payment of alimony

Application to modify will never be permitted to take the place of proceedings in error. It is always a requisite for modification of a continuing order that the application set out and the evidence substantiate a changed condition as a predicate for such modification. **Ohio Jurisprudence, Volume 14 (Divorce and Alimony), §116** and following. The record in this case does not present a scintilla of evidence of any changed condition.

Counsel for plaintiff in error, in his brief, buttresses his entire argument around the claim that since it was conclusively shown that the husband had no property, real or personal, or money, that the trial court was without jurisdiction to award alimony. The closing paragraph in the brief is as follows:

"We therefore respectfully submit that the order made herein for alimony should be reversed by this court."

This phrase, together with what precedes, indicates that counsel is laboring under the impression that we are authorized to review the original order of the court allowing alimony to the wife. Of course, this cannot be done. We are limited to the question properly presented in the petition in error.

It is true that in a contempt proceeding for failure to pay installments of alimony,

the jurisdiction of the trial court to make the original order may be attacked, either directly or collaterally. We will assume that it is this principle of law that counsel for plaintiff in error is intending to invoke, although the brief does not directly say so. §§11990 and 11991, GC, are cited and quoted in full.

Sec 11990, GC, in part, reads:

"and allow such alimony out of her husband's property as it deems reasonable, having due regard to property which came to him by marriage and the value of his real and personal estate at the time·of the divorce."

The pertinent portion of §11991 GC, reads as follows:

"Such alimony may be allowed in real or personal property or both, or by decreeing to her such sum of money, payable either in gross or installments, as the court deems equitable."

While not cited, §11998, GC, has similar pertinent language, as follows:

"and give judgment in favor of the wife for such alimony out of her husband's property as is equitable, which may be allowed to her in real or personal property, or both, or in money, payable either in gross or by installments."

From the above counsel makes the claim that the court as·a prerequisite to allowing alimony, either in gross or installments, to the wife, must find that the husband had property, either real or personal.

This is not an original question and the Supreme Court in very positive language, under similar situation, has held to a contrary view. We quote from syllabus 1 and syllabus 2 in the case of **Lape v Lape, 99 Oh St 143:**

"1. Where a decree for divorce is granted to a wife on account of the aggression of her husband, an allowance of alimony may be based on future personal earnings or wages of the husband. In such a case the court is not necessarily limited to a consideration of property in possession of the husband at time of decree."

"2. Such decree for alimony may provide that it be made in weekly payments of specified sums."

In the above entitled cause the opinion was prepared by Chief Justice Nichols and the entire text is very interesting and enlightening. In the reported case a divorce was granted to the wife; in the instant case the divorce to the husband was set aside and alimony only granted to the wife. Under the facts in the instant case there would be no reason for any different rule than in the reported case.

We also refer to the case of **Downing v Downing, 18 Oh Ap, 223, (1 Abs 582)** the syllabus reading as follows:

"When a divorce is granted the wife the court may award alimony although no claim therefor is set up in the petition, and it is not necessary that the petition aver, or the proof show, that the husband is possessed of property."

The Downing case originated in Franklin County, and the decision was by the Court of Appeals of the Fourth District, sitting by designation in the Second Judicial District.

Also find the same principle in the epitomized opinion of the Court of Appeals of the Seventh District, Mahoning County, **Bailey v Bailey, 2 Abs, page 74.**

While these cited cases are not referred to in the briefs of counsel, yet it would probably be urged that they are not determinative of the instant case for the reason that the husband not only had no property of any kind or character, but by reason of physical condition was unable to work and earn money, and that, under this state of facts, the award of alimony could not be based on future personal earnings or wages of the husband. While the first syllabus in Lape v Lape, supra, does make the statement that the allowance of alimony may be based on future personal earnings or wages, we do not think that the court intended to limit to such sources of income. It is the obligation of the husband to support his wife and the reasoning for the allowance of alimnoy, as set forth in the opinion in Lape v Lape, supra, certainly is broad enough to include any source through which a husband might have the means of paying future installments of alimony. The terms "personal earnings and wages" are not found in the statute, and as we think were specifically mentioned by the court by reason of the fact that under the situation in that case the court had in contemplation wages and earnings as the means of paying future installments.

In the instant case the husband's source of income is from the Industrial Commission of Ohio. He is receiving $75.00 per

month and this amount will probably continue through his life. His injuries are very severe. One leg has been amputated by reason of the injury, and at a later date he had a very severe injury to his head, neck and spine. In addition to the $75.00 per month, an allowance was made of $30.00 for a nurse to attend him. He requires continuous and constant care. The trial court in the contempt hearing endeavored to enjoin the Industrial Commission from paying the full amount of compensation to the husband and further ordered that such Commission pay into the Domestic Relations Court the sum of $25.00 per month to be applied on the alimony allowance to the wife.

It must be apparent that the trial court had no jurisdiction to make any order effective against the Industrial Commission It was not a party to the proceedings, nor could it properly be brought in as a party defendant.

It is hardly probable that the Commission would give heed to this order. This in a measure seems to be an alternative provision. While the court found the husband guilty of contempt, he went no farther in inflicting any punitive measures. Until the trial court does so do, we do not think there is a final order.

The petition in error of the plaintiff will be dismissed.

HORNBECK and BODEY, JJ, concur.