## WITMEYER v SHEETS

Ohio Appeals, 2nd Dist, Clark Co

Nos 369 & 370. Decided Feb 8, 1937

Keifer & Keifer, Springfield, for trustee.
George (Charles) C. Collins, Springfield, for Kathleen Sheets.

### OPINION

By BARNES, J.

The proceedings originated in the Probate Court of Clark County, Ohio. Therein Kathleen Sheets filed exceptions to the fourth and final account of W. W. Witmeyer as trustee under Item 3 of the will of Mary

E. Collins, deceased. The exceptions were sustained in part and overruled in part. Both parties prosecuted error to the Court of Common Pleas of Clark County, Ohio. The Court of Common Pleas sustained the Probate Court in all its findings and judgments. Both parties filed notice of appeal on questions of law to this court. The two appeals are submitted, together with one set of briefs.

The following statement of facts in chronological order will render understandable the nature of the controversy and the claimed errors.

On July 11, 1917 Mary E. Collis executed a last will and testament and in 1920 thereafter she died. W. W. Witmeyer was named as executor, received his appointment as such and qualified on February 21, 1920. The only part of the will pertinent to the present inquiry was Item 3, and the same is set forth herein in full:

"I direct my Executor to convert my estate, both real and personal, including the property bequeathed and devised to me, under the will of my husband, John S. Collis, deceased, into money, as soon as he is able to do so, in order to get the best price therefor, and divide the same into five equal shares, and I give, bequeath and devise one share each to my three daughters, Edith A. Howe, Mabel R. Mosher and Nellie J. Collis, absolutely, and I give, bequeath and devise one share absolutely, to the heirs-at-law of my son Harry H. Collis, deceased, I give, bequeath and devise to W. W. Witmeyer, as Testamentary Trustee, to hold same in trust and pay the income derived therefrom to my son, Edward H. Collis, during his lifetime, and after his death, said share to be given and paid to Kathleen Collis, daughter of my son, Edward H. Collis, provided she has attained the age of twenty-two years, in that event, same to be given and paid to her absolutely, if she has not attained the age of 22 years, at the time of the death of my son, Edward H. Collis, said share shall be held in trust by said Testamentary Trustee, until she arrives at the age of twenty-two years, and when she arrives at said age, same to be paid her, if her father is then deceased. If said Kathleen Collis be not living at the decease of her father, Edward H. Collis, then said share of my estate, I give and bequeath absolutely to my daughter, Nellie J. Collis, at the death of my son, Edward H. Collis."

Among the assets of the estate were fifty shares of preferred stock of the Victor Rub-

ber Company. The executor filed an inventory as executor on March 9, 1920 and therein the stock of the Victor Rubber Company was appraised at $102.00 per share or a total of $5100.00. Also, in the assets of the estate were thirty shares of preferred stock of the Springfield Metallic Casket Company, appraised at $104.00 per share. The total appraised value of the estate was $22,113.73. The executor filed his first account April 16, 1921, and therein show assets converted into cash in the sum of $14,861.53 and debts paid in the sum of $14,856.33, including costs of administration and executor's fees. Appended to the first account was an application for extension of time, which reads as follows:

"Said executor asks the court for six months additional time from this date for the settlement of said estate for the reason that he has been unable to sell fifty shares of the preferred stock of the Victor Rubber Company owing to slump in stock market, and executor also has $3000.00 par value in second liberty bonds converted, said executor says all of debts of said estate have been paid.

"Said executor says that he has in his hands such stock and bonds applicable to the payment of the debts and bequests of the deceased and that he has used due diligence to collect the assets and pay the debts of said estate; that said estate is as he believes solvent; that at the time of this application there is not in his hands more than $100.00 in money subject to the claims of creditors of the said estate.

"W. W. Witmeyer.

"Sworn to before me and subscribed in my presence this 16th day of April, 1921.
"Harry G. Gram, Probate Judge,
"by Fred A. Wagner, Deputy Clerk."

On May 5, 1921, the executor filed application in the Probate Court to distribute the balance of the assets in kind. The application, omitting the formal parts, reads as follows:

"Now comes W. W. Witmeyer, executor of the will of Mary E. Collis, deceased, and represents to the court that all the debts of the said deceased so far as he has any knowledge thereof have been paid and that there are no claims against the estate and that he still holds the following stocks and bonds belonging to said estate; that he believes it will be to the interests of the persons entitled to the distribution of the assets of said estate that the same may be

distributed to them in kind, said stocks and bonds being as follows:

"A certificate for fifty (50) shares of the preferred stock of the Victor Rubber Company par value, $100.00 per share.

"A certificate for thirty (30) shares of the preferred stock of the Springfield Metallic Casket Company, par value, $100.00 per share.

"Second liberty loan converted 4¼ gold bonds of 1927-1942, par value $3000.00.

"He further presents as a part of this application the written consent of the parties entitled thereto.

"Wherefore he prays that the court may make an order authorizing him to distribute said assets in kind to the distributees entitled thereto under the will of said decedent upon their giving a 'proper bond of indemnity to the executor as provided by law.

"(Signed) W. W. Witmeyer

"Sworn to before me and subscribed in my presence this 26th day of April A. D. 1921.

"O. B. Trout,
"Notary Public,
"Clark County, Ohio.

"We, the undersigned, all the persons entitled to the distribution of the estate of Mary E. Collis, deceased, hereby join in the above application of W. W. Witmeyer, executor and give our approval to the same and request that the court make the order as therein prayed for.

"Edith A. Howe,
"Nellie J. Thalls
"Wayne W. Collis
"W. W. Witmeyer, Trustee for Edward H. Collis
"Mabel R. Mosher
"Jennie B. Collis, Guardian of John S. Collis."

Appended to the above application was the executed bond referred to therein and signed by all the distributees.

On June 11, 1921 the executor filed his second and final account, wherein he charged himself with the remaining assets, totaling $8372.27, and made distribution in kind to all of the aforenamed distributees. The entry ordering distribution in kind, as per the application, was filed May 5, 1921.

Letters of authority to W. W. Witmeyer as testamentary trustee were issued by the Probate Court on April 14, 1921. The trustee's bond was filed on the same day. The trustee filed his inventory on July 6, 1921, and therein charged himself with a total of $3931.52, consisting of the following:

Money belonging to the trust estate $ 57.52
Twenty shares, Springfield Metallic Casket Company, preferred stock 2000.00
Victor Rubber Company, ten shares preferred stock 1000.00
Second Liberty bonds, $87.50 per hundred, 874.00

Total .................. $3931.52

The trustee, W. W. Witmeyer, filed his first account as trustee on October 24, 1923. Therein he charged himself with the identical items as set forth in the inventory, none of which had been changed from their original form and totalling $3931.52. Also charged himself with an income account from the securities, totalling $560.98. The income account was distributed, the major portion of which was paid to Edward H. Collis, according to the provisions of Item 3 of the will of Mary E. Collis, deceased. Recapitulation showed a balance of the income account of $3.28. In the printed form of account there appeared the following: "Itemized statement of investments of ward's estate." And thereunder were the identical items in the same amounts as set forth in the inventory.

The trustee, Witmeyer, filed his second account on the 18th day of November, 1925. In this second account he charged himself with income, including the balance from the first account, in the sum of $395.46. The distribution was made to Edward H. Collis as distributee under Item 3 of the will of the above income, except trustee's fees and Probate Court fees, which were deducted. A balance remained in the hands of the trustee of $10.86. This account also contained a statement of securities, the only change being that the ten shares of Victor Rubber Company stock, par value of $1000.00 were listed at no value and the two liberty bonds of $500.00 each were increased to $1000.00. The trustee, W. W. Witmeyer, filed his third account on the 26th day of April, 1928. This account showed receipts from sale of the Metallic Casket Company stock, $2000.00 and the liberty bonds, $1000.00. The income, including the balance from the second account, and premium of $40.00 on sale of Metallic Casket Company stock, totalled $193.80. The distribution was made of the income to Edward H. Collis, as provided under item 3 of the will. This account contained an itemized statement of investments of beneficiaries' estate as follows:

July 1st, 1927, real estate mortgage, $3000.00, Debtor, Edward H. Collis.

Cash, First National Bank, 71.40

Edward H. Collis died January 11, 1933, and immediately thereafter, under the provisions of Item 3 of the will, Kathleen Collis Sheets was at once entitled to the corpus of the property. Item 3 made the provision that such share was to be paid to Kathleen Collis at the death of Edward H Collis, provided she had attained the age of twenty-two years. According to the testimony, Kathleen Collis was born in 1903 and therefore became twenty-two years of age in 1925.

On July 1, 1926, the trustee, Witmeyer, loaned to Edward H. Collis the sum of $3000.00, on the same day taking a mortgage from Edward H. Collis and wife, Millie Collis, to secure said note. The mortgage was against residence property within the city of Springfield. Edward H. Collis purchased the premises from Percy E. Runyon at the same time that the note and mortgage were executed. The purchase price was $6300.00, said Runyon taking a second mortgage for the balance of the purchase price. Following the execution of the note and mortgage Edward H. Collis paid to the trustee from time to time for taxes and insurance the total sum of $91.85. For several years prior to his death he was in default of payment of any amounts. The taxes and insurance not paid by Edward H. Collis were paid by the trustee and charged to the estate. The trustee, Witmeyer, filed his fourth and final account on May 31, 1935. He charged himself with total cash received in the sum of $179.68. Of this amount $91.85 was received from Edward H. Collis to pay taxes and insurance. The remainder consisted of a balance in the bank of $71.40, plus $6.43, interest on deposit, paid by bank. The account shows disbursements in the sum of $339.65. Included therein is trustee's compensation in the sum of $50.00; Probate Judge fees for the account, $4.60; and $25.00 paid to Kathleen Collis Hoyt Sheets. All other items of the account were disallowed by the court.

The trustee's fourth account showed a balance due him in the sum of $159.97. There was also appended a note as follows:

"The trust fund has been pledged by Kathleen Collis Hoyt to pay the funeral expenses of the Jackson Funeral Home for Edward H. Collis, deceased, (who died January, 1933) in the sum of $329.00 and also to the Springfield Cemetery for burial expenses of Edward H. Collis, the sum of $40.00."

In the final determination the entry should take care of these two items. The entry of the Probate Court concurred in by the Common Pleas Court, sustaining the exceptions to the fourth account, reads as follows:

"October 2nd, 1935.

"This cause came on to be heard upon the exceptions filed herein by Kathleen Sheets, formerly Kathleen Collis, to the fourth and final account of W. W. Witmeyer, as Trustee under Item 3 of the will of Mary E. Collis, deceased, and to his other and previous account filed herein, and upon the evidence and testimony and was argued by counsel and submitted to the court. On consideration whereof the court finds said exceptions well taken and sustains the same; that said W. W. Witmeyer as said trustee, without the express approval of this court and without authority under the terms of the will of said decedent, Mary E. Collis, did take into his hands upon distribution in kind from W. W. Witmeyer, as executor of the last will and testament of Mary E. Collis, deceased, ten shares of the preferred stock of the Victor Rubber Company in direct violation of the express terms and instructions of said will, and that such stock at the time it was so taken by said trustee was of the value of $500.00 and it has since, while so held by said trustee, become worthless; that the paying of the sum of $3000.00 to Edward H. Collis by said trustee as set forth in said exceptions and the taking of a mortgage therefor was not a lawful investment and was done without authority or the express approval of this court.

"The court further finds that none of the expenditures made and claimed as credits by said trustee were properly payable out of the principal of said trust estate and that all items of expenditures set forth in said trustee's fourth account, with the exception of those expenditures represented by vouchers No. 10, 14 and 15, should be disallowed as credits and the same eliminated from the account.

"The court further finds that the amount which exceptor was entitled to receive from said trustee upon the death of her father, Edward H. Collis, which occurred on January 11, 1933, is $3431.52 and that she was then and is now entitled to receive said

sum in cash; that she has received from said trustee the sum of $25.00 leaving a balance due her of $3406.52, which said trustee ever since the death of her said father as aforesaid has failed, neglected and refused to pay over to her, and said trustee is chargeable with interest upon said sum of $3406.52 from said 11th day of January, 1933. at the rate of 5% per annum until paid, all of which is due exceptor from said trustee in cash.

"It is therefore ordered and adjudged by the court that said exceptions be and they are hereby sustained and that said trustee file an amended fourth account herein in accordance with the above findings and orders within ten days from this date.

"To the finding of the court that the preferred stock of the Victor Rubber Company was of the value of $500.00 instead of $1000.00 at the time the same was taken into his hands by said trustee and to the finding that the amount due said exceptor is $3406.52 instead of $3906.52 the exceptor Kathleen Sheets by her counsel excepts.

"To all of the above findings and orders of the court the said Trustee, W. W. Witmeyer by his counsel excepts."

The appellant, Kathleen Sheets, bases her appeal solely on the fact that the Probate Court only charged against the trustee the sum of $500.00 instead of $1000.00, which latter amount she claims was the value of the Victor Rubber Company stock and that the entire amount was lost through his misfeasance in handling the trust.

The appellant, W. W. Witmeyer, Trustee, urges the correctness of his fourth account and that the exceptions should be disallowed.

We first take up and determine the claimed errors on the appeal of Kathleen Sheets. What should be the proper order relative to the Victor Rubber Company stock? The appellant, Kathleen Sheets, in addition to herself, through her counsel, called O. H. Anderson and W. W. Witmeyer, the trustee. She presented no other testimony except as pertinent facts might be brought out through cross-examination of witnesses called by the trustee. Neither Kathleen Sheets nor her witness, O. H. Anderson, testified to any pertinent facts relative to the Victor Rubber Company stock. Witmeyer on cross-examination and also in chief, testified that he was unable to sell the Victor Rubber Company stock, although he made diligent effort so to do. In cross-examination it was drawn out that he had

not attempted to sell it at public auction. He stated that he contacted Mr. Henry H. Durr, a resident of Springfield, Ohio, who, in 1920 and 1921 was secretary and treasurer of the Victor Rubber Company; also some of the banks of Springfield; E. J. Carmony, a resident of Springfield, dealing in stocks and bonds; and B. E. Crabbs, also a resident of Springfield in 1920 and 1921, engaged in the brokerage business. It also appears from the evidence that the Victor Rubber Company stock was not a listed stock, and being a Springfield institution was limited in its market. Some of the witnesses testified that it was an over-the-counter proposition, which we understand to mean that it was generally confined to a. Springfield market. The company was paying dividends up to and including June, 1921; this last quarterly dividend, however, not being paid until October, 1921.

It was the claim of counsel for appellant, Kathleen Sheets, that the appraisers in the executor's inventory having appraised the stock at $102.00 and the trustee after his appointment as such having inventoried the stock at par, should, by reason of that fact, be chargeable with the par value of $1000.00. The law says that such appraisal and inventory constitute a presumptive value. This, however, is a rebuttable presumption. The pertinent portion of Item 3 of the will of Mary E. Collis reads as follows: "I direct my Executor to convert my estate, both real and personal * * * into money, as soon as he is able to do so, in order to get the best price therefor, and divide the same into five equal shares," etc. Unquestionably, there was vested in the executor a limited discretion. The quoted portion of the will does not say that he should sell immediately, but "as soon as he is able to do so, in order to get the best price therefor."

The evidence is conclusive and uncontradicted that there was no market for this stock. The testimony shows that the trustee contacted the individuals best calculated to aid in making a sale. The secretary and treasurer of the company and the two brokers corroborated Mr. Witmeyer that there was no market. At the time of filing his first account as executor attention was called to the fact that he had not been able to find a sale for the Victor Rubber Company stock. This was appended to his account as a ground for asking for an extension of time in making settlement. Let us assume that the executor if he had gone

from door to door in Springfield and contacted all possible investors and had been made an offer of $500.00 for the stock of a par value of $1000.00 might it then have been said that he should accept that amount? The evidence discloses that it was thought the condition was only temporary and that the trustee was so advised. He states that from the data at hand it was his opinion that the stock would come back and be saleable. The secretary and treasurer says that he so viewed the situation and made no attempt to sell his own stock. The trustee, so far as disclosed from the record, was acting for and in what he thought was the best interest of the estate. Evidently the other beneficiaries of the estate had a similar view, since they joined with him in making an application that this and other stock be distributed in kind, and the other distributees went so far in the affirmance of this plan as to execute a bond. What, if anything, these other distributees were able to do with their part of the Victor Rubber Company stock is not disclosed. If things go badly it is always easy to reason out, in our own business affairs, that it would have been better to have taken a different course. If we act and thereafter find that higher prices might have been secured, then we question our good judgment in acting the way we did. In other words, the passing of time makes clear and positive that which at the time is indefinite and uncertain. We are unable to conclude, under the undisputed facts, that the executor was not acting properly in making distribution of this stock in kind. The Probate Court authorized the distribution in kind as appears from the journal entry on file with the papers. The trustee in accepting the stock in kind would not place himself in any different position. It was a question of what seemed the right thing to do at that time; whether or not he acted as a reasonable, prudent man. His inventory showing face value did no more than create a presumption of value.

In Witmeyer's testimony at page 78 of the record, he presented his own letter, dated April 16, 1921, addressed to one of the distributees. The letter in part reads as follows:

"Dear Madam: I am enclosing a copy of my partial account filed today in Probate Court. I have been unable to sell the fifty shares of Victor Rubber Company pre-

ferred although I have used all lines I could think of to do so. I have consulted Rubsun & Company and asked them if they could sell it and have had several bankers working on the proposition without avail. I have written to the president of the company at Mr. Rubsun's suggestion and have asked all persons I have met who have money but have not yet found anyone to take up the stock or to make an offer. I have one lead yet which I have hopes may materialize through a banker here but I do not know if it will pan out or not. The stock has not missed a dividend and it is considered good stock but just now owing to business conditions and financial stringency it does not seem anyone wants to invest in stocks."

It also appears that the trustee in his second account listed the stock as of no value and in the following accounts eliminated it entirely as an asset. The evidence further discloses that the Rubber Company was finally liquidated and nothing paid to stockholders. The claim is also made that the trustee should be held liable for the reason that he never secured the consent of the Probate Court to make the investment.

In the case of the **Home Savings & Loan Company v Strain, 130 Oh St, page 53**, it is definitely determined that investment of trust funds by a testamentary trustee is governed by the terms and provisions of §11214, **GC**. This section lists certain securities that are authorized investments. The Victor Rubber Company stock would not come under the list of authorized investments. The last three lines of the section read as follows:

"or in such other securities as the court having control of the administration of the estate approves."

We now search the record to determine whether or not the investment was approved by the Probate Court. It is true that the trustee did not make any application to authorize this investment save and except his application to distribute the assets in kind in which application the description of the Victor Rubber Company stock was set out with particularity. The order of the Probate Court as shown by the entry dated May 5, 1921, contains among other things the following:

"it is hereby ordered that the said executor distribute the stocks and bonds

among the distributees of the said estate as follows, viz.:

"* * *

"W. W. Witmeyer, Tr. 10 shares preferred stock of Victor Rubber Company, par value $1000.00. Distributive value, $1000.00."

In our judgment this constitutes an approval of the court of this investment as required under §11214 GC.

It is our conclusion that the loss relative to the Victor Rubber Company stock should not be chargeable to the trustee. The appeal of Kathleen Sheets will be dismissed.

The remaining question arises on the appeal of the trustee, W. W. Witmeyer.

On or about July 1, 1926, the trustee, Witmeyer, sold the twenty shares of stock of the Metallic Casket Company, formerly distributed to him in kind, for the sum of $2000.00, plus $40.00 premium and also two Liberty Bond certificates of $500.00 each for the sum of $1000.00 plus $13.20 premium. This $3000.00 was immediately loaned to Edward H. Collis, the beneficiary of the income of the trust. A note was taken, dated July 1, 1926, calling for $3000.00, due six months after date, payable to the order of W. W. Witmeyer, Trustee, and bearing 6% interest, payable semi-annually. This note was secured by mortgage on real estate within the city of Springfield. Edward H. Collis purchased this property contemporaneously with the execution of the note and mortgage for the sum of $6300.00, giving to the grantor a second mortgage for $3300.00, being the balance of the purchase money. Provision was made under the condition of the mortgage that Edward H. Collis during his life was required only to advance on the interest charge sufficient money to pay the taxes on the mortgage. As a further condition of the mortgage he was required to keep the property insured, payable to the trustee as his interest might appear. Edward H. Collis died six and a half years later, or being specific, January 11, 1933. During this period he paid $91.85 to cover taxes on mortgage and insurance. For several years prior to his death he was in default of any payments, at which time the trustee . paid the taxes and charged the same to the estate. The fourth account was filed May 24, 1935, which was more than two years following the death of Edward H. Collis. This account showed receipts of $179.68 and disbursements of $339.65, leaving a claimed balance to the trustee of $159.97. The Probate Court disallowed all items of credit except three list-

ed as vouchers Nos. 10, 14 and 15. No. 10 was an advancement to Kathleen Hoyt Sheets of $25.00; Voucher No. 14 was the Probate Court charge for the account, and No. 15 was trustee's compensation of $50.00, covering a period of five years. The fourth account also disclosed the itemized statement of investment of the real estate mortgage in the sum of $3000.00. The evidence discloses that the mortgage and note at the time of the trial were still in the hands of the trustee, the same not having been turned over to the distributee, Kathleen Sheets. In somewhat indefinite form there is some evidence that Kathleen Sheets declined to accept the mortgage investment. The real estate had not been kept in a good state of repair. At the time of the trial it was doubtful if it would sell for sufficient to pay the delinquent taxes and the mortgage.

The beneficiary, Kathleen Sheets, makes the claim that the investment in the real estate mortgage was unauthorized and hence claims a conversion of the fund by the trustee and asks that he account to her in money. The Probate Court and Common Pleas Court sustained the contention of the beneficiary, Kathleen Sheets, and allowed under this item $2906.52, with interest at 5% from January 11, 1933.

It is undisputed that the trustee, W. W. Witmeyer, made no application of any kind or character to the Probate Court authorizing the sale of the securities then in his possession and the reinvestment of the sum of $3000.00 in the first mortgage security against the residence property of Edward H. Collis, then just purchased. If this investment may be determined to be authorized by the Probate Court it will have to be by virtue of the entries contained in the third account of the trustee. At the close of the account there is appended under the following heading: "Itemized Statement of Investments of Beneficiary's Estate," the following:

Date—July 1/27.
Investment—R. E. Entg.
Amount—$3000.00, $71.40.
Debtor—Ed H. Collis, 1st Natl. Bank.
Remarks—Beneficiary for life, hence no int.

Our court in the case of **Tischer, In Re, 46 Oh Ap 405, (15 Abs 54),** had under consideration a similar question. In the reported case the testamentary trustee was directed by the will to invest funds in several securities of the trustee's own choos-

ing with approval of Probate Court. The investments made by the trustee were only such as were authorized under the statute. The trustee, in his current accounts listed with particularity the nature and extent of his investments. The Probate Court approved the accounts. The order of approval was of such a character that our court held that this would constitute an approval of the investment. At a later date we had the same question under slightly different state of facts, **Warner et v Hoffman, Montgomery County, 18 Abs 403**. In this case we held that the settlement and confirmation by the Probate Court of the account of the guardian setting forth with particularity the nature of the security constituted an approval by the court of the investment by the fiduciary. At a later date the Supreme Court considered the question in the case of the **Home Savings & Loan Co. v Strain, Trustee, 130 Oh St 53**. Syllabus 2 reads as follows:

"Authority of a testamentary trustee in the investment of such trust funds was limited to those securities enumerated in the statute or expressly approved by the court having control of the administration of the trust unless the provisions of the will creating the trust and conferring power upon the trustee remove the restrictions imposed by such statute."

In any event, we feel constrained to not extend the principle farther. In the instant case we do not have any journal entry of the Probate Court through which we can ascertain the extent and nature of the order of the Probate Court in acting on the trustee's third account. In October, 1936, counsel for the trustee filed a seven page document, being certified copies of the following orders: The entry ordering distribution in kind in the matter of the estate of Mary E. Collis, deceased, and entries approving inventory, 1st, 2nd and 3rd accounts current of W. W. Witmeyer, Trustee of the estate of Edward H. Collis, beneficiary under the will of Mary E. Collis, deceased. Counsel for Kathleen Sheets filed motion to strike this document from the files on the ground and for the reason that the same was not a part of the bill of exceptions and was not before the Court of Common Pleas of Clark County on the proceedings in error. There is no alternative but to consider the motion well taken. Had the request to file these papers been presented in the Common Pleas Court, that court might have referred the bill of excep-

tions back for correction, provided it was the determination of the Probate Court that such entries were considered as evidence before him. Having passed the Common Pleas Court, this court is without authority to refer back to the Probate Court. However, it may be of some comfort to counsel to know that we have looked at the journal entry approving the third account and conclude from its language that it would not be helpful to trustee's position. No reference whatever is made to the itemized statement of investment of beneficiary's estate. The finding of the court was that the trustee is chargeable with assets of the estate in the amount of $3193.80 and entitled to credit in the sum of $122.40, and that there is due said estate $3071.40, and said account is approved, etc.

The statement of investment in the third account does not measure up to the standard, in that the nature of the ██ investment is not set out with particularity. We understand that R. E. Entg is intended to mean a real estate mortgage. It does not disclose the order of its priority, whether first or otherwise, nor the nature, location nor value of the property. As to this item, the appeal of the trustee will be disal- lowed. The finding against the trustee will be the sum of $2906.52 with interest at 6% from January 11, 1933. This is the same as in the courts below.

As heretofore indicated, provision will be made in the entry for the payment of the funeral expenses. On payment of the above amount the beneficiary, Kathleen Sheets, will endorse the note and mortgage without recourse, releasing all interest as beneficiary therein to W. W. Witmeyer. The entry will also provide that upon the payment of the amount herein adjudged to be paid and the securing of the endorsement on the note and mortgage by Kathleen Sheets, the said W. W. Witmeyer personally will be subrogated to all rights of the trustee or the beneficiary and thereafter such note and mortgage will be held and owned by him absolutely, with full rights of action necessary to collect or enforce the lien. So much of the entry as is necessary to present this order of the court will be certified by the clerk and attached to the note and mortgage records.

It is the order that each party pay his own costs in this court.

Exceptions will be allowed to both parties.

CRAIG, PJ, and HORNBECK, J, concur.

## ON APPLICATION FOR REHEARING

Decided March 1, 1937

By THE COURT

The above-entitled cause is now being determined on application of Kathleen Sheets for rehearing.

Four grounds are set forth, as follows:

1. This court erred in considering the entry filed on May 5, 1921 as authorizing and approving trustee's investment of the Victor stock and in so deciding.

2. This court erred in finding and deciding that the Victor stock was worthless and that the trustee was not liable for losses thereon.

3. This court erred in ordering that the entry herein so provided that on payment of the amount found due from the trustee that the note and mortgage be endorsed over to him and he be personally subrogated to all rights of the trustee and the beneficiary thereunder.

4. Misconduct of counsel for the trustee in addressing to this court by letter arguments in support of his cause after the cause had been finally submitted.

We take these several questions up in their order.

Counsel for Mrs. Sheets refers to the case of **Pellegrino v Pellegrino, 21 Abs 572,** and particularly at page 574. In the reported case this court made the observation that the paper marked "entry" and stamped "filed" in the clerk's office may not be considered for the reason that it is not an original document and would not take the place of a transcript of journal entries.

We still adhere to that conclusion and our action in the instant case is readily distinguishable.

In the instant case counsel for Mrs. Sheets, at the hearing in the Probate Court, introduced in evidence the entire file and papers, whereas in the reported case the file was not introduced in evidence. There would still be a question as to the competency of this document in the instant case but for the fact that it was drawn from the file and used in the hearing without objection. During the hearing the Probate Court made the comment that the journal entry did not bear his endorsement or approval, whereupon counsel made the observation that nevertheless the same was journalized. Following this the court made the remark "all right," or some similar expression. Counsel for Mrs. Sheets made no comment or objection. It would be extremely technical at this time to say that the Probate Court made no order authorizing the executor to distribute in kind.

The further question is raised that this document purports to be an order to W. W. Witmeyer, as executor and not as trustee. It is urged that this could not constitute a compliance with §11214 GC. If the action was in a different court and the trustee was a separate, distinct individual, then there might be some merit to the contention. The Probate Court of Clark County, having authorized the executor, W. W. Witmeyer, to distribute in kind the assets of the estate, part of which, by the express provisions of the application would go to W. Witmeyer, trustee, and the executor, in conformity to such direction, made such distribution in kind, it would be an idle gesture for the trustee immediately thereafter to invoke the provisions of §11214 GC, authorizing him to accept the Victor stock as an investment.

We find nothing in the second question to require anything more than was said in the original opinion, except to call attention to that part of the opinion wherein we stated that even if the trustee might have obtained 50% of the value, it would not necessarily follow that he should have sold at that price, since the will provided that he was to sell at such time as he could secure the best price. This gave to him a discretion and he would not be required to do more than exercise prudence. The fact that some stockholders sold for 50c on the dollar, in the absence of any showing as to the time of the sale would not meet the direct evidence that Mr. Witmeyer, the trustee, was unable to find any market nor receive any offer.

We think the question raised under the third proposition recedes from the stand taken by counsel for Mrs. Sheets in the Probate Court and in both reviewing courts. The Probate Court sustained the objections to the trustee's account and required payment in cash, with interest. The amount was definitely fixed. Mrs Sheets did not prosecute error or appeal from this order, although the order was challenged by the trustee. Both the Common Pleas and this court sustained the lower court.

Counsel call attention to a statement made at the time of the oral hearing in answer to a question of Judge Bodey. The present members of the court do not recall the question or answer. In preparing the

original opinion we sought to present a plan by which the entire controversy would be settled and thus avoid further litigation. The fact that the property has been sold under foreclosure may suggest a slight change in the journal entry. Counsel should have no difficulty in so framing the entry as to protect all parties.

We find no merit under the claim of misconduct of counsel.

The application for rehearing will be overruled.

BARNES, PJ, and HORNBECK, J, concur. GEIGER, J, not participating.