## JOHN K. NUTT v. STATE OF MISSISSIPPI.

### [49 South. 145.]

1. CONTEMPT. *Appeal. Code* 1906, § 39. *Interlocutory judgment. Dismissal.*

   Under Code 1906, § 39, authorizing an appeal by a party ordered to be punished for a contempt of court, an appeal can be taken only from a final judgment or decree.

2. SAME. *Same.*

   A decree adjudging a party guilty of contempt and providing that in case he fail to purge himself thereof within a designated time the court will adjudge punishment, is interlocutory and non-appealable.

FROM the chancery court of Adams county.

HON. JAMES STOWERS HICKS, Chancellor.

Nutt, appellant, was adjudged in contempt of the chancery court and the decree mentioned in the opinion was entered against him, from which he appealed to the supreme court. Since the appeal was dismissed no other statement of the facts, in view of the opinion of the court, is deemed necessary.

*Percy, Moody & Percy,* for appellant.

*Reed & Brandon* and *George Butler,* assistant attorney-general, for appellee.

FLETCHER, J., delivered the opinion of the court.

The appeal in this case was prosecuted under section 39 of the Code of 1906. This section authorizes an appeal from the judgment of any court punishing a person for contempt. The decree rendered in the case under consideration, while it adjudged

Nutt to be in contempt of court, does not impose any fine or other punishment for such contempt. The decree merely recites that appellant is in contempt, and provides that, unless he purges himself of this contempt by complying with a previous order of the court within a certain time fixed, the court would at some future date impose a fine or other form of punishment. It is manifest that this decree was not a final decree actually imposing punishment. We conclude, therefore, that no appeal lies from such an interlocutory order. Before a person can appeal under section 39, there must be a final judgment imposing punishment, and until this is done no appeal is proper.

We, therefore, of our own motion, dismiss the appeal as being prematurely taken. It might be that the recusant party will have purged himself of contempt by complying with the order of the court, and that therefore no final judgment would be entered.

*Appeal dismissed.*