EURE v. TAYLER et al.

[88 South. 514, No. 22003.]

1. CONTEMPT. *In contempt cases, appeal may be taken only from final decree.*

   Under Code 1906, section 39 (Hemingway's Code, section 15), authorizing an appeal by a party ordered to be punished for a contempt of court, an appeal can be taken only from a final judgment or decree.

2. APPEAL AND ERROR. *Decree adjudging one guilty of contempt held interlocutory.*

   A decree, adjudging a party guilty of contempt and providing that in case he fail to purge himself thereof within a designated time the court will adjudge punishment, is interlocutory and nonappealable.

3. CONTEMPT. *Right to appeal held governed by statute.*

   The right to appeal in this proceeding is governed solely by section 39, Code 1906 (section 15, Hemingway's Code).

*En Banc.*

APPEAL from chancery court, Hinds county.

HON. V. J. STRICKER, Chancellor.

Proceeding by O. B. Taylor and others, receivers, against W. R. Eure and others to require them to pay over certain funds. On failure of defendant named to comply with such order, he was by interlocutory order adjudged in contempt of court, and from such order he appeals. On motion to dismiss appeal. Appeal dismissed.

*Green* and *Green,* for appellant.

It is manifest that the chancellor did not find defendant guilty of a criminal contempt, but only of a civil contempt, in that the decree only requires that the parties shall pay over the money and comply with the order of the court without further punishment.

Civil contempt. Civil contempt consists in failing to do something ordered by a court in a civil action for the benefit of the opposing party therein, and is, therefore, not an offense against the dignity of the court, but against the party in whose behalf the violation order is made. 13 C. J. pages 6-7-(a) ; Id., page 58.

Upon the proposition that these receivers cannot institute this contempt proceeding, it is said in 13 C. J. page 59; "Who may institute. As a general rule proceeding for contempt to enforce a civil remedy and to protect the right of parties litigant should be instituted by the aggrieved parties or those who succeed to their rights, or some one who has a pecuniary interest in the right to be protected." And, as shown in the *Gompers case, supra,* the fine is for the benefit of the complainant.

Appellant, though he has performed the decree and paid over the two thousand, five hundred and ninety-five dollars and sixty-four cents to the receivers, is entitled to appeal from the decree. The decree requires the possession of property to be changed, and, therefore, is appealable under section 10, Hemingway's Code; *Levy* v. *Russell,* 82 Miss. 68, 33 So. 651.

Appeal lies from orders affecting substantially the rights of parties or receivers. 3 C. J. 576-7-8-9; *Dexter*

*Horton Natl. Bank* v. *Hawkins,* 190 Fed. 924. An order requiring a party to pay money to a receiver is final and appealable. *Burnham* v. *Barrett,* 137 Ills. App. 119; *Rogers* v. *Boston Club,* 28 L. R. A. (N. S.) (Mass.) 743. An order that a party pay over an admitted debt in aid of an execution is a final order where made over his claim that the fund is exempt. *Duffey* v. *Reardon,* 70 O. St. 328, 71 N. E. 712.

An order directing a person to pay to a receiver money to be held until final order of court is appealable by such person. *Norwood First Natl. Bank* v. *Clauss,* 26 Ohio Circuit Court, 107; *Titels Insurance and Trust Co.* v. *California Development Co.,* 159 Calif. 484, 114 Pac. 838; *Whyel* v. *Jayne Coal Co.,* 67 W. Va. 651, 69 S. E. 192.

Decrees in a sense interlocutory will be held final and appealable where by reason of possible injurious consequences an immediate review is necessary. *McAustin* v. *McAustin,* 83 Atl. 837, 34 R. I. 462. The fact that appellant, under compulsion of the order appealed from, paid over the money to the receivers, does not deprive him of the right to appeal.

An appeal lies where the judgment in mandamus has been complied with. *City of Water Valley* v. *State,* 103 Miss. 645, 60 So. 576; Payment of decree does not bar appeal. *Hoogendorn* v. *Daniel,* 202 Fed. 431; *Patton* v. *Keeney,* Ann. Cases, 1914D, 232; *Lott* v. *Davis,* 262 Ill. 148; *Princeton Coal Co.* v. *Gilmore,* 170 Ind. 366; *Schultze Bottling Co.* v. *Henderson Iron Works,* 63 So. 897. Compulsory payment does not waive appeal. *Buckeye Refining Co.* v. *Kelly,* 8 Ann. Cases, 1913 (e) 840.

Under section 15, Hemingway's Code, all cases are appealable from decrees for contempt, and this court is to review such decrees, and according to justice and right, determine whether the party should be guilty of contempt, and punished therefor.

*Nutt* v. *State,* 95 Miss. 422, 49 So. 145, does not militate against this appeal. An examination of the record will show that the appeal there was not in a case where money

was required absolutely to be paid over, but for a failure of an executor would have to be made and approved before final payment could be made, and hence the order appealed from in 95 Miss., was not like that here, where the money is required to be paid and also where the money has been paid in pursuance of the decree and thus there is nothing more to be done under the decree, as when the money was paid, no further order was to be taken, and hence when the money was paid the decree became final. The appeal there (Rec. 42) violated section 10, Hemingway's Code, as the bond was not given in ten days. *Nutt* v. *State,* was appealed again after the final order was made by the chancellor, and it was affirmed in 51 So. 277, and the record therein shows the distinction between that case and the case at bar.

For these reasons, and those stated in the brief for appellant in *Pullen* v. *Stokes V. Robertson, State Revenue Agent,* this decree should be reversed and the defendant appellant, should be discharged and restitution of the money paid as decreed.

*O. B. Taylor, Chalmas Alexander* and *Frank T. Scott,* receivers.

This appeal is from a decree of the court in contempt proceedings adjudging appellants in contempt of court but imposing no punishment therefor, and from which adjudged contempt each of said appellants purged himself by paying over to the receivers the money required to be paid.

These contempt proceedings and these appeals have nothing whatever to do with the suit instituted by *Stokes V. Robertson, Revenue Agent,* against the *Fire Insurance Companies* except that they grow out of it as an incident. Section 4907, Code 1906, section 3185, Hemingway's Code, which provides what cases may be advanced on the docket of the Supreme Court, is as follows: "Appeal from judgments against persons deprived of their liberty in cases of *habeas corpus,* and from judgments on informations in the nature of *quo warranto* to try the right to a public office,

whether state, district, county or municipal, and in actions of mandamus, in cases where the public interest is concerned and in cases at law or in chancery involving taxes claimed by the state, county or municipality, may be returnable before the supreme court immediately, without reference to the return days for other appeals; and when the transcript of the record of the case shall be filed in the office of the clerk of the supreme court, the appellee having been summoned to appear and answer the appeal, ten days after service of the summons on him or his attorney, the court shall consider such cases as entitled to be heard without regard to the district from which they are brought, and in preference to all civil cases, and they shall be heard and disposed of with all convenient speed."

. It will immediately be seen that these appeals do not involve any of the questions mentioned in this section. These appellants have no more right to have their appeals advanced than any other litigant in this court. The mere fact that they are incidentally connected with the suits of the *Aetna Insurance Company et al.* v. *Stokes V. Robertson, State Revenue Agent and Wm. H. Pullin, Jr.,* v. *Stokes V. Robertson, State Revenue Agent,* which are set for hearing in this court on May 18, 1921, on appeals from interlocutory orders only and not on their merits, does not, in our opinion, make it either necessary or desirable that it should be advanced to be heard on the same day as these cases are set for hearing.

SYKES, J., delivered the opinion of the court.

In the case of *Stokes V. Robertson, State Revenue Agent, for the Use of the State of Mississippi,* v. *Aetna Insurance Co. et al.,* pending in the chancery court of Hinds county, the chancellor, on February 14, 1921, entered a decree appointing receivers, and among other things, ordered this appellant, Eure, and others who are defendants in the case, to file with the receivers an itemized list of all choses in action, accounts, goods, and effects, and all other assets

in their hands belonging to any of the defendant insurance companies, and to turn over this list and this property to the receivers and deliver to them all money, accounts, etc., belonging to or owing to these insurance companies.

Subsequent to this decree the receivers made application to the chancellor to require the local agents of these insurance companies, as defendants, to pay these funds to the receivers, and on February 21, 1921, an order was entered by the chancellor upon this application. These local agents, as defendants in the case, were ordered to remit all funds of the defendant insurance companies in their hands or under their control forthwith and immediately to the receivers. This order included all funds collected by these agents prior to and including January 3, 1921. There are other matters contained in the order not necessary to be noticed.

Without stating in detail all of the immaterial matters contained in the record, it is sufficient to say that this defendant, one of the local agents, failed to comply with either of these decrees, and contempt proceedings were properly filed against him before the chancellor for this failure. Upon a trial of these contempt proceedings the chancellor entered an interlocutory order or decree, and adjudged that the defendant was in contempt of court for failing to turn over the funds in his hands, and to otherwise comply with the decree of the court of date February 21, 1921. A period of ten days was then granted to the defendant in which to purge himself of this contempt by delivering over to the receiver the funds in his hands or under his control belonging to the non-resident defendant insurance companies, and otherwise complying with the decree of February 21, 1921; and that if the said Eure, defendant, failed to comply with the requirements of this decree, then he should be held liable and subject to such penalties and to such punishment for contempt of court as the court or chancellor in vacation might order and direct, and jurisdiction of the case was retained by the court and chancellor to

this end.   The decree then granted to the appellant an appeal to this court.

It is further shown in the record that the appellant, Eure, has purged himself of contempt by complying with this order of the court.

The receivers, as appellees, have filed a motion to dismiss this cause for the reason that no appeal lies from this order of the chancellor.

Appeals from judgments for contempt are regulated by section 39, Code of 1906 (section 15, Hemingway's Code). Under this section no appeal from contempt proceedings lies except from a final decree.   That this is not a final decree is manifest from a reading of it.   By it the appellant was adjudged to be in contempt of court, but no fine or punishment was imposed upon him.   He is expressly allowed therein ten days within which to purge himself of this contempt by complying with the previous order of the court of date February 21, 1921.   Before a decree becomes final in this proceeding it must impose a punishment, and until this is done no appeal lies.   This precise question was adjudicated in the case of *Nutt* v. *State of Mississippi*, 95 Miss. 422, 49 So. 145.

Neither was this appeal proper under section 35, Code of 1906 (section 10, Hemingway's Code), providing for appeals from interlocutory orders, because no money was required to be paid, or the possession of property changed, or no principles of law to be settled by this appeal.   The order requiring money to be paid in this cause and the property to be turned over to the receivers is found in the decree of the court of February 21, 1921.   This appeal is governed solely by section 39, Code of 1906 (section 15, Hemingway's Code), relating to appeals from judgments for contempt, and no appeal lies therefrom until a final judgment of the court.

It therefore follows that the motion is well taken, and the appeal is dismissed.

*Dismissed.*