AMY BAILEY *v.* HOWARD V. BAILEY

(No. 9635)

Submitted April 24, 1945.  Decided July 10, 1945.

*Stathers, Stathers & Cantrall* and *Mary Frances Brown,* for appellant.

*Wyatt & Randolph,* for appellee.

KENNA, JUDGE:

This ancillary proceeding in civil contempt was brought by Amy Bailey against Howard V. Bailey, her former husband, by a petition filed in the Circuit Court of Harrison County on the 4th day of March, 1943, asking that a rule issue because of the failure and refusal of the alleged contemnor to comply with the terms of a decree of divorce entered in said court on September 13, 1937, awarding to the petitioner a divorce and $130.00 a month as alimony and for the support and maintenance of their children. The petition alleged that Howard V. Bailey was $780.00 in arrears in payments that were required to be made under the terms of the decree of divorce. A rule to show cause issued upon the filing of the petition, returnable March 20, 1943. Howard V. Bailey appeared on the return day, demurred to the petition and filed an answer. After the overruling of the demurrer depositions were taken on behalf of both the petitioner and the respondent, with the result that on the 26th day of February, 1944, an order was entered not passing upon the question of contempt but ordering that Howard V. Bailey pay to the petitioner the sum of $780.00 "being the said amount of alimony and maintenance money due the plaintiff under said decree of September 13th, 1937 * * *" within thirty days of the entry of the order. It is from the last mentioned decree that this appeal was allowed under Subsection (g) of Code, 58-5-1, the Court being of the opinion that the order entered partook more of the nature of a decree requiring money to be paid than it did of a judgment for contempt, the order appealed from containing no provision either imposing punishment for, or passing upon the existence of, contempt by disregard of the decree of September 13, 1937.

Bailey and his wife, who then had three minor children,

on July 31, 1937, evidently in contemplation of divorce, executed a written agreement drawn by her attorney specifying a monthly sum of $130.00 to be paid to Mrs. Bailey by him as alimony and for the support of the children who were to remain in her custody, the amount of the monthly payments to be reduced as the support of the children became unnecessary due to death, maturity, or marriage. Within a few days after the execution of the agreement Mrs. Bailey brought suit for divorce, her bill of complaint praying that the contract of July 31, 1937, "be affirmed". Bailey did not appear, and in the early fall of that year Mrs. Bailey obtained her decree. The decree in question fixes the amount of alimony at $130.00, being the same amount fixed in the understanding executed a few days before. However, the decree did not follow nor affirm the terms of the written agreement otherwise, and did not provide for the reduction of the monthly payments upon maturity, death or marriage of each of the children as did the contract.

Under the foregoing circumstances Bailey contends that he was advised that the terms of the contract would control and would operate to reduce the payment to be made monthly under the terms of the decree. He, therefore, without asking a change in the terms of the decree of September 13, 1937, as the children became of age beginning in January, 1941, reduced the amount of the monthly payments to seventy dollars. He further contends that Mrs. Bailey is now barred from contending otherwise due to the fact that she accepted checks marked as being payment in full to date and signed receipts so stating.

There is no substantial difference as to the amount that remains unpaid if the unconditional amount named in the decree of September 13, 1937, continued to be the required monthly payment.

To the contention that the decree of September 13, 1937, is void to the extent that it is not confined to the prayer of the bill of complaint, it need only be said that generally speaking the rule sought to be applied is an established chancery practice, going to the nature of the relief sought,

in the absence of statute. However, the provisions of Code, 48-2-15, are plainly controlling over the state of the pleadings and vest a discretion in the trial chancellor as to the maintenance of the parties and minor children not dependent thereon. The fact that Bailey may have been advised to the contrary and may have been told that the contract was not superseded by the decree but remained in effect, although it may mitigate the trial chancellor's pronouncement if he is found guilty of contempt, cannot otherwise affect the result. Since the Circuit Court had complete control, regardless of the contractual relations of the parties, over fixing the amount of alimony and its time of payment, it follows that the parties cannot by contract alter or change the terms of its decree. Therefore, the checks stating they were payment in full and the receipts therefor must give way to an undisputed showing that the terms of the decree in that regard have not been complied with.

However, there is what we regard as a departure deserving correction in the trial chancellor's order of February 26, 1944, pursuant to the rule issued March 4, 1943, the rule having directed that Bailey "show cause why he should not be adjudged to answer for contempt", while the order of February 26, 1944, although finding that the matters offered in defense of the rule "are not sound in law" and dismissing the answer, altogether fails to consider the charge of contempt to which the rule was confined, but directs only the payment of the amount found to be due under the court's former decrees. This, in our opinion, is not the rigid practice necessary in a remedy as severe as civil contempt.

The purpose of a civil contempt proceeding is not punitive, but is intended to operate coercively in order to make certain that the court's judgments are carried out. For a general review of West Virginia contempt cases see *Hallam v. Alpha Coal Corporation*, 122 W. Va. 454, 9 S. E. 2d 818. While it is true that the proceeding is for the purpose of enforcing the trial chancellor's decree in the present instance, and while that decree or those decrees required

the payment of money, and while it is also true that the order appealed from is an order for the payment of money, it nevertheless remains that this is a contempt proceeding and that the Circuit Court of Harrison County issued its rule not directing that Bailey respond by the payment of money but that he show cause why he should not answer for contempt. Ignoring the issue of fact and remembering that this is not a punitive proceeding, it nevertheless remains that the order of the trial court upon final submission of the questions raised by the rule should not have simply ordered that a payment be made upon a certain day, thus entirely omitting a finding upon the questions submitted, that is to say, contempt, to which the controverted questions of payment were but contributing factors. Instead, in our judgment, the order of the trial chancellor, in a summary proceeding permissible due to the fact that alimony, support and maintenance are obligations tinged with a public interest, should have passed upon the question raised by the rule and in the event that Bailey were found guilty ot contempt should have entered its order sentencing him conditionally but granting him a reasonable length of time to purge himself of the contempt, or rather, to comply with the court's judgment by payment, and thereby avoid the effect of the sentence. This the trial chancellor did not do, but instead ordered the payment of money. If that order should not be obeyed the failure would be a repetition of contempt, probably necessitating another hearing. That should not be permitted.

The order appealed from is plainly not a judgment in contempt, and therefore does not fall within the rule announced in *Smith* v. *Smith*, 81 W. Va. 761, 95 S. E. 199, 8 A. L. R. 1149, and followed in *State* v. *Porter*, 105 W. Va. 441, 143 S. E. 93, and is not within the plainly implied denial of review in contempt proceedings based upon disobedience to the judgment, decree or order of a trial judge, as indicated by Section 4 of Chapter 160 of the then Code. Since the statute upon which the last cited cases rest was omitted from the Code adopted in 1931, and since our com-

mon law permits no review of contempt judgments not involving imprisonment, the order here involved would not be reviewable if it were a judgment for contempt. However, since the only effect of the order of February 26, 1944, is to require the payment of money, it is reviewable under Subsection (g) of Code, 58-5-1.

The trial chancellor was plainly right in deciding a dispute which involved the disagreement between the parties concerning the payment or nonpayment of alimony, and was equally right in concluding that private understandings and agreements concerning its amount are always entered into subject to the right of the courts in divorce proceedings by decree to require payments that, in their judgment, justly meet the situation in spite of and superior to the terms of an otherwise binding agreement. However, the order appealed from, in amount ordered paid, represented an aggregate deficiency in payment under the court's previous order, according to the testimony taken. That being so, the order of the court should have dealt with the question of contempt and, had the finding have been guilty, could have included a conditional penalty therefor. Had this been done the trial chancellor's order would not have been subject to review. We are not now holding that an order of commitment within the provisions of Code, 61-5-26, for failure to comply with the conditional terms of a judgment for civil contempt would not be reviewable under this Court's holding in the case of *State* v. *Bittner*, 102 W. Va. 677, 136 S. E. 263, 49 A. L. R. 968.

Based upon the foregoing discussion the judgment of the Circuit Court of Harrison County is set aside and the case remanded for the purpose of having that court dispose of the charge of contempt against Howard V. Bailey.

*Reversed and remanded.*

Lovins, President, dissenting:

I respectfully dissent from that part of the majority opinion which holds that the order entered by the trial chancellor was an order for the payment of money only,

832

a departure from the rule in contempt theretofore issued, and is therefore appealable.

The pertinent parts of the order from which this appeal was taken are as follows:

> "And it further appearing to the court that the defendant, on March 2, 1943, was in [d]*efault* in the sum of $780.00 in his payments of alimony and maintenance money to the plaintiff under said decree of September 13, 1943 [1937] and the same is accordingly adjudged, ordered and decreed.

> "It is further adjudged, ordered and decreed that the defendant, Howard V. Bailey, do pay unto the plaintiff said sum of $780.00, being the said amount of alimony and maintenance money due the plaintiff under said decree of September 13, 1937, as of March 3, 1943, within thirty days from the entry of this decree."

I do not think the portions of the order above quoted are ambiguous, but assuming that an ambiguity exists therein, in order to resolve any doubt arising from the meaning and effect thereof, the petition and answer may be inspected in order to determine the meaning of the order. *Jones* v. *Kuhn,* 94 W. Va. 415, 120 S. E. 888. An examination of the petition and answer in this proceeding makes plain the meaning of the order. It is clear to me that the first paragraph is nothing more or less than an adjudication of contempt against the defendant: the second paragraph thereof is a repetition of the adjudication made in the decree of September 13, 1937, and gives the defendant thirty days in which to purge himself of the contempt. In either aspect the second paragraph of the order makes a needless adjudication and therefore may be regarded as surplusage. Substance and not form should control. Looking to the substance of the order, I am of opinion that it is purely interlocutory in character, and does not finally dispose of the issues raised by the pleadings and proof. "A writ of error does not lie to a judgment of contempt for disobedience of a decree requiring payment of alimony." Pt. 5 syl., *Smith* v. *Smith,* 81 W. Va.

761, 95 S. E. 199. An interlocutory order in contempt *a fortiori* is likewise not appealable. *Cherry* v. *Cherry,* 253 Mass. 172, 148 N. E. 570; *In re Eskay* (C. C. A. 3d), 122 F. 2d 819; *Brinkley* v. *Brinkley,* 47 N. Y. 40; *Nutt* v. *State,* 95 Miss. 422, 49 So. 145; *Semrow* v. *Semrow,* 26 Minn. 9, 46 N. W. 446.

Instead of reversing the order of the Circuit Court of Harrison County, I would dismiss the appeal as improvidently awarded for the reason that the order from which the appeal was taken is interlocutory only.