BOND *v.* ANDERSON *et al.*

(In Banc. February 23, 1948.)

[33 So. (2d) 833. No. 36681.]

Heidelberg & Roberts, of Hattiesburg, for appellant.

**U. B. Parker** and **W. J. Blass**, both of Wiggins, for appellees.

**L. A. Smith, Sr., J.**, delivered the opinion of the court.

This cause is before us on appeal from a decree of the Chancery Court of Stone County, wherein appellant was adjudged guilty of contempt for disobedience to an injunction from that Court.

The conviction followed the filing of a petition by appellees, charging appellant with violation of the injunction granted them in a pending chancery court suit, praying that he be cited for contempt of court because thereof. Citation was issued, and served, requiring appellant to show cause why he should not be adjudged in contempt. Appellant answered, and the matter was thus put at issue. Proof was heard, and, as stated, the chancellor decreed appellant to have acted in violation of the injunction, and to be in contempt.

This decree contained the following clause: "It is, therefore, accordingly the opinion of the Court, and the Court so finds, that defendant, L. R. Bond, should be, and he is hereby, adjudged to be in contempt of Court by reason of the interference with complainant's employees in manner and form as hereinabove set forth; and that he thereby subjected himself to the imposition of such penalty as the Court in its judgment and discretion may see fit to impose and enforce. The Court is further of the opinion, however, that any penalty which should be imposed should not be now enforced, but should be deferred until later at such time as the Court may in its judgment determine to fix and impose same, it being

the desire and purpose of the Court that defendant be given opportunity to now comply with the Court's order and writ heretofore rendered, issued and executed, and it will be the purpose of the Court to finally forego the imposition of any penalty upon the defendant, unless he should hereafter violate the provisions of said decree and injunction."

Appellees have filed here a motion to dismiss the appeal from this adjudication on the ground that it is not a final decree, because it does not impose any penalty, deferring same until a later day; or, foregoing same altogether upon the happening of the contingency therein set out. The answer of appellant to this motion simply denies that "the decree is interlocutory, and that it is one from which no appeal can be taken."

The sole question before us is, whether or not the decree is of such a final character as to authorize an appeal therefrom. In our judgment the decree is not final. Therefore, Hanna v. State ex rel. Rice, 169 Miss. 314, 153 So. 371, 373, dealing with the difference between contempt proceedings to "vindicate the dignity of the court, and to punish for disobedience of its orders," and those seeking "to preserve and enforce the rights of private parties to suits," is not in point here. We are not, however, confronted with the necessity to decide that question, on this motion to dismiss the appeal, and must not be understood to be intimating any view either way, with reference to it.

Section 152, Code 1942, governing appeals from judgments for contempt, lays the predicate, for the right to appeal, in the following language: "A person ordered by any tribunal, except the Supreme Court, to be punished for a contempt, may appeal to the court to which other cases are appealable from said tribunal, and may supersede any fine imposed . . ." There was no fine or punishment of any kind imposed by the decree of conviction of contempt here, as shown supra.

In the case of Nutt v. State, 95 Miss. 422, 49 So. 145, Nutt was prosecuted for contempt under Section 39, Code 1906, now Section 1152, Code 1942. The opinion of the Court there said: "The decree rendered in the case under consideration, while it adjudged Mr. Nutt to be in contempt of court, does not impose any fine or other punishment for such contempt. The decree merely recites that appellant is in contempt, and provides that, unless he purges himself of this contempt by complying with a previous order of the court within a certain time fixed, the court would at some future date impose a fine or other form of punishment. It is manifest that this decree was not a final decree actually imposing punishment. We conclude therefore, that no appeal lies from such an interlocutory order." The Court dismissed the appeal of its own motion.

This case was cited and followed by Eure v. Taylor, et al., 126 Miss. 155, 88 So. 514. The Court there held further that the appeal did not lie under Section 35, Code 1906, now Section 1148, Code 1942, controlling appeals from interlocutory orders, and we are of the opinion that appellees' contention here to the same effect is also correct. The chancellor was not asked to grant and granted no appeal under the provisions of that statute. Nothing in that statute would justify the appeal in the case at bar.

Therefore, in view of the foregoing, the motion to dismiss the appeal is sustained.

Appeal dismissed.