CHAIN BIKE CORPORATION, APPELLEE, *v.*
SPOKE 'N WHEEL, INC., ET AL., APPELLANTS.

(No. 38981—Decided June 7, 1979.)

*Chalko, Hohmann, Boukis & Boukis Co., L.P.A.,* and *Mr. Kenneth Boukis,* for appellee.

*Messrs. Mancino, Mancino & Mancino* and *Mr. Paul Mancino, Jr.,* for appellants.

KRENZLER, P. J. On February 10, 1977, a judgment on an account was rendered in favor of plaintiff and against defendant for the sum of $5,500. The judgment entry provided for a schedule of payments. Defendant (appellant Spoke 'N Wheel, Inc.) made a $3,000 payment toward satisfaction of the judgment, but failed to satisfy the balance in accordance with the terms of the judgment. A writ of execution was issued on August 9, 1977, and on August 12, 1977, a bailiff of the Municipal Court of Bedford levied upon certain goods on defendant's premises at 13 West Orange Street, Chagrin Falls. At this time appellant Philip Bloom, defendant's president, signed an oath accepting an appointment as keeper and custodian of all personal property upon which execution had been levied.

On September 20, 1977, announcement of the sale of the levied goods was published in the Cleveland Daily Legal News pursuant to R. C. 2329.13. The bailiff and plaintiff's attorney arrived at defendant's store for the sale on September 30. However, Bloom was not present, the premises were locked, and the property in question had been removed from the store.

On October 18, 1977, plaintiff filed a motion to show cause why Bloom should not be held in contempt of court. A hearing on the motion for contempt of court was conducted on December 28, 1977, and Bloom was found guilty of contempt for failure to comply with the oath and appointment as keeper and custodian, and for failure to appear at the bailiff's sale. The trial court recommended that Bloom either produce the items levied upon or produce the receipts derived from their sale and continued the matter for sentencing to January 11, 1978. On December 30, 1977, both defendant and Bloom filed a motion for a continuance and stay of proceedings and a notice of appeal from the trial court's December 28, 1977, order finding Bloom in contempt of court. A hearing was held on January 9, 1978, upon defendant's motion for a continuance and stay of proceedings, and the court rescheduled the January 11 sentencing hearing to February 15, 1978. On January 13, 1978, defendant and Bloom filed another motion for stay of proceedings pending the determination of the appeal taken on December 30, 1977. On January 18, 1978, the trial court granted the defendant's motion to stay proceedings and cancelled the February 15, 1978, sentencing hearing.

Defendant and Bloom have several assignments of error which will not be considered because this court lacks jurisdiction to entertain this appeal.

Contempt of court consists of two elements. The first is a finding of contempt of court and the second is the imposition of a penalty or sanction, such as a jail sentence or fine. Until both a finding of contempt is made and a penalty imposed by the court, there is not a final order. The mere adjudication of contempt is not final until a sanction is imposed. In the present case there was only a finding of contempt on December 28, 1977, and the sentencing hearing was continued until January 11, 1978, continued again to February 15, 1978, and then was cancelled. Inasmuch as there is no final appealable order, this court does not have jurisdiction to entertain this appeal. *Pellegrino* v. *Pellegrino* (1936), 21 Ohio Law Abs. 572; *Massengale* v. *United States* (C.A. 6, 1960), 278 F. 2d 344.*

*Appeal dismissed.*

JACKSON and CORRIGAN, JJ., concur.

---

* Other states have reached the same result: *Beckwith* v. *Beckwith* (D. C. App. 1977), 379 A. 2d 955; *Matter of Cys* (D. C. App. 1976), 362 A. 2d 726; *West* v. *United States* (D. C. App. 1975), 346 A. 2d 504; *Henry* v. *Waz* (1976), 35 Ill. App. 3d 752, 342 N.E. 2d 433; *State, ex rel. Neal,* v. *Hamilton Cir. Ct.* (1967), 248 Ind. 130, 224 N.E. 2d 55; *Allen* v. *Lindeman* (Iowa 1969), 164 N.W. 2d 346; *Bond* v. *Anderson* (1948), 203 Miss. 283, 33 So. 2d 833; *Zellers* v. *Huff* (1953), 57 N.M. 609, 261 P. 2d 643; *E. I. DuPont De Nemours and Company* v. *Universal Moulded Products Corporation* (1949), 189 Va. 523, 53 S.E. 2d 835; *Madden* v. *Madden* (Wyo. 1977), 558 P. 2d 669.