Appellant, Sarah Ann Stevens (n.k.a. Sarah Ann Kilbourne), and appellee, Kenneth M. Stevens, were granted a dissolution of marriage on January 9, 1980. A clause in their separation agreement, which was adopted by the court in its judgment entry, read:
"9. REAL ESTATE. The Husband shall Quit-Claim all of his interest in and to the real estate located at 410 Pennsylvania Ave., McDonald, Ohio, to the Wife, for which the Wife shall then execute in favor of the Husband a mortgage deed in the amount of $5,000.00, with no interest thereon, due and payable upon the remarriage of the Wife, or upon the sale of the premises . . ."
On October 2, 1997, Mr. Stevens filed a motion for contempt in which he requested $5,000 plus interest from July 5, 1996, attorney fees, court costs, and any other relief to which he might be entitled. The court referred the matter to a magistrate for a hearing, held on December 4, 1997. As a result of the hearing, the magistrate made the following findings:
"(1) Ms. Stevens remarried on July 5, 1996;
 "(2) Ms. Stevens refused, after several demands by Mr. Stevens, to pay the $5,000.00 due in violation of item #9 of the separation agreement;
 "(3) Ms. Stevens did not execute a mortgage deed pursuant to the separation agreement; and
 "(4) Ms. Stevens's claim that her failure to execute a mortgage deed, pursuant to the agreement, precludes Mr. Stevens's right to collect the $5,000.00 is without merit."
In consideration of this evidence, the magistrate issued a decision where he found Ms. Stevens in contempt; sentenced her to two days in the Trumbull County jail; ordered her to pay Mr. Stevens $5,000 with statutory interest to July 5, 1996; and, awarded Mr. Stevens attorney's fees and costs, in the amount of $375. However, the magistrate also provided that Ms. Stevens could purge the contempt finding by paying Mr. Stevens $5,000 plus interest by February 4, 1998. No objections to the magistrate's decisions were filed and the trial court approved the magistrate's decisions and incorporated the magistrate's orders into its own judgment entry on December 11, 1997.
Ms. Stevens now appeals the judgment entry that approved the magistrate's decision. Pursuant to her appeal, she filed a motion to stay the contempt order, which was granted. In the stay, the trial court preserved Ms. Stevens's right to purge herself pending a ruling on this appeal. In the notice of appeal, Ms. Stevens indicated that videotape transcripts would be filed. However, no videotape transcripts have been filed.
Ms. Stevens raises the following assignments of error:
 "[1.] The trial court erred in failing to permit Counsel for Appellant to call all relevant witnesses, in restricting the examination of the witnesses permitted to testify, and in rendering a decision without allowing all pertinent defenses to be presented."
 "[2.] The trial court erred in finding Appellant in contempt since Appellee failed to establish a prima facie case entitling him to such relief."
 "[3.] The trial court erred in finding Appellant responsible for Appellee's attorney fees since Appellee failed to establish that said attorney fees were reasonable and customary for the services rendered."
Contempt of court generally consists of two elements: a finding of contempt and the imposition of a penalty or sanction. Until both have been made, there is no final order.Chain Bike v. Spoke 'n Wheel, Inc. (1979), 64 Ohio App.2d 62,64; 410 N.E.2d 802. It has been held that contempt citations that are coupled with immediate sanctions are appealable. Statev. Sandlin (1983), 11 Ohio App.3d 84; 463 N.E.2d 85.
However, contempt citations that impose a conditional sentence, which may be executed if the contemnor fails to purge himself, are generally not appealable because this type of sanction is different than an immediate sanction. Conditional sentences require an "additional step" by the court — a subsequent finding that the contemnor has failed to purge himself — in order for the sentence to be executed. Boltauzerv. Boltauzer (Feb. 3, 1995), Lake App. No. 94-L-155, unreported. Because there is another order yet to be entered on the contempt issue, the original citation is not yet final. Id.
The contemnor may appeal only after the second order has been entered. Trail v. Trail (Dec. 9, 1994), Lake App. No. 94-L-094, unreported; see Stroud v. Stroud (Oct. 31, 1997), Lake App. No. 97-L-005, unreported; 1997 Ohio App. LEXIS 4849.
Only a conditional sentence has been imposed on Ms. Stevens. There is no final order until the Trumbull County Court of Common Pleas enters a second order finding that she has failed to purge herself of the contempt, thereby making the two-day sentence definite.
We note that a notice of appeal filed between the contempt citation and the expiration of the contemnor's opportunity to purge may be considered a premature appeal under App. R. 4(C) if, and only if, the trial court subsequently finds that the contemnor has failed to purge herself and orders the pending sentence to be executed immediately. Under such circumstances, we would treat the appeal as being filed immediately after the order executing the sentence. Id.
While the trial court expressly preserved Ms. Stevens's right to purge, it did not actually reach a judgment on the issue of her failure to purge. Thus, there is no reason for us to treat this appeal as prematurely filed under App. R. 4(C).
For these reasons, the appeal is hereby dismissed.
 ------------------------ JUDGE ROBERT A. NADER
FORD, PT., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.