As I am in disagreement with my colleagues relative to their favorable embrace of appellant's first and third assignments of error, I must respectfully dissent.
 FIRST ASSIGNMENT OF ERROR
The majority found an abuse of discretion in regards to the pronouncement by the trial court that appellant was in contempt of court. While I agree that such a finding was in error for the reasons set forth by my colleagues (i.e. lack of any prior notice), I cannot find as they did that said error requires a reversal. The sum total of the trial court's judgment concerning contempt is found in a single sentence:
 "Upon the evidence adduced the Court finds that Plaintiff [appellant] is in contempt for removing the children from the State of Ohio to the State of Georgia without prior consent or approval of Defendant and the Court in violation of the original Divorce Order."
Noticeably absent from the judgment is any sanction or penalty for the contempt. This fact is significant for the reason stated in the syllabus of the Court in Chain Bike Corp. v. Spoke`N Wheel, Inc. (1979), 64 Ohio App.2d 62:
 "In order for there to be a final order in contempt of Court proceedings, there must be both a finding of contempt and imposition of a sanction or penalty, such as a fine or a jail sentence. The mere adjudication of contempt of Court is not a final order until a sanction or a penalty is also imposed." (Emphasis added).
Since we have no sanction or penalty for the purported contempt by appellant, we do not have a final order. Therefore, we cannot hold that the action of the trial court is subject to reversal when it is not final. Accordingly, I would hold the action of the trial court to be harmless error and find no merit to appellant's first assignment of error.
 THIRD ASSIGNMENT OF ERROR
The majority found merit in appellant's third assignment of error in finding that the trial court abused its discretion in changing the residential parent without setting forth its conclusion and/or reasoning that any harm to the children from such a change is outweighed by the advantages of such a modification. The fact is, R.C. 3109.04 from which the foregoing standard is derived, is a lengthy and often complex provision. Hopefully, a trial court that does not usually have the luxury of lengthy deliberation enjoyed by appellate courts, is not required to list by rote each of the numerous factors set forth in the statute to successfully pass appellate court scrutiny.
While the trial court here did not, in fact, recite the magic bullets of phraseology relative to weighing harm versus advantage, I find sufficient support to justify a conclusion that the trial court did not abuse its discretion. Here, we have an appellant that uprooted her children in the middle of the school year, moved them to another state, then filed with the court a "Notice of Intent to Relocate" to obtain permission to do what was already done.
Moreover, the requirement by the trial court to seek approval before a residential parent removes a minor entrusted to their care from the State of Ohio is based upon readily apparent factors concerning the best interests of said child, such as: visitation or the potential lack of visitation caused by the move; leaving friends and family; changing school systems; and the like. While the trial court did not utilize the "magic" language envisioned by the majority, the basis for its decision and sound exercise of its discretion can be found by looking at its judgment entry which stated:
 "This order shall be reviewed by the court after the current school year ends at the request of either party."
The reason implicit in the foregoing provision is the concern of the court in removing the minor children in the middle of the school year and whether that is in the best interest of the children. Moreover, the record discloses that the trial court made its decision based upon testimony from the parties, appellee's friends and family members, and from an in camera interview by the Judge with the minor children of the parties. Accordingly, there was sufficient credible evidence to support the court's decision. I would affirm its decision in its entirety.
For these reasons, I respectfully dissent from the majority opinion.
 _________________________ JOSEPH J. VUKOVICH, JUDGE