This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Donald Noah, appeals from a judgment of the Wayne County Court of Common Pleas that imposed additional sanctions on Donald for his failure to comply with a prior contempt order. Because Donald assigns no error to the trial court's order, this Court affirms.
This action originally commenced in 1994 when Cheryl Noah ("Cheryl") filed a complaint for divorce against her husband, Donald. The parties had been married since 1958 and had three children during their marriage, each of whom was emancipated by the time of the divorce. On January 25, 1995, the trial court granted the parties a divorce and incorporated their separation agreement that provided, among other things, that Donald would transfer a certain life insurance policy to Cheryl.
On January 28, 1999, Cheryl moved the trial court to hold Donald in contempt, contending that he had failed to transfer the insurance policy to her. The trial court held an evidentiary hearing on the issue on April 8, 1999. On May 13, 1999, the trial court found Donald in indirect civil contempt of the court's prior order and imposed sanctions in the form of damages to Cheryl of $5,894 and attorney fees of $660. Donald appealed to this Court, asserting that the trial court's finding that he was in contempt and its award of damages and attorney fees to Cheryl was not supported by the evidence adduced at the April 8 hearing. Because the transcript of the April 8 hearing was not prepared by an official court reporter and Donald submitted no App.R. 9(C) or App.R. 9(D) statement of the trial court, pursuant to Loc.R. 5(A)(2)(a), this Court affirmed the trial court without reviewing the unofficial transcript. See Noah v.Noah (May 10, 2000), Wayne App. No. 99CA0032, unreported.
On July 11, 2000, contending that Donald had not paid the sanctions imposed by the trial court, Cheryl moved the trial court to order him to pay the original sanctions and to award her further attorney fees. The trial court held a brief evidentiary hearing at which the only evidence presented pertained to the fact that Donald had failed to comply with the court's May 13, 1999 order and the additional attorney fees that Cheryl had incurred since the contempt hearing in April 1999. On October 3, 2000, the trial court found that Donald had failed to comply with the May 1999 order and that Cheryl had incurred almost $2,000 in additional attorney fees. The trial court imposed those attorney fees as additional sanctions on Donald. The trial court ordered Donald to pay the additional sanctions as well as the sanctions that it imposed on May 13, 1999. Donald timely appeals from the October 3, 2000 order and raises two assignments of error, which will be addressed together for ease of discussion.
 Assignment of Error I The trial court erred in applying the standard of proof of clear and convincing evidence instead of proof beyond a reasonable doubt when it determined appellant was in contempt of court.
 Assignment of Error II The trial court committed prejudicial error by finding that appellee suffered damage as a result of appellant's delay in transferring the insurance policy to appellee and that appellant was in contempt of court for not timely complying with a court order.
Donald attempts to relitigate the same issues he raised in his prior appeal, this time hoping to have this Court review his assigned errors on the merits. Cheryl asserts that a relitigation is precluded by the doctrine of law of the case; another appellate court found that relitigation is precluded by the doctrine of res judicata. See Woodardv. Spellman (Oct. 4, 2001), Cuyahoga App. No. 79171, unreported. In fact, it is not a doctrine of issue preclusion that prevents this Court from relitigating these issues; it is a lack of jurisdiction.
If the trial court had attempted to relitigate its prior contempt finding or award of sanctions, the doctrines of law of the case and/orres judicata would have come into play. The trial court did not revisit those issues, however. It held a hearing on September 18, 2000 and heard evidence on the imposition of additional sanctions only. Cheryl testified that Donald had failed to comply with the trial court's May 13, 1999 order and Donald presented no evidence to contradict her testimony. Cheryl also testified concerning the additional attorney fees that she had incurred since May 13, 1999. On October 3, 2000, the trial court found that Donald had failed to comply with the court's May 13, 1999 order and ordered him to pay the original sanctions as well as additional attorney fees to Cheryl.
Although Donald purports to appeal from the trial court's order of October 3, 2000, he does not assign error to that order or otherwise challenge any action taken by the court in the October 3, 2000 order. Instead, Donald is seeking another review of the trial court's May 13, 1999 order. As he did in his prior appeal, Donald takes issue with the factual findings reflected in the court's May 13, 1999 order, contending that they were not supported by the evidence presented at the April 8, 1999 hearing. In this appeal, Donald submitted a statement of the trial court along with the transcript in an apparent attempt to comply with this Court's local rules. It is too late for Donald to correct the problem with his prior appeal, however. Because the May 13, 1999 order found Donald in contempt and imposed sanctions, it was a final, appealable order. Chain Bike Corp. v. Spoke `N Wheel, Inc. (1979),64 Ohio App.2d 62, 64. Donald did in fact appeal that order and this Court affirmed the trial court. See Noah v. Noah (May 10, 2000), Wayne App. No. 99CA0032, unreported. This Court has no jurisdiction to review the propriety of the May 1999 order because the appeal time lapsed long before Donald filed this appeal. See State ex rel. Boardwalk ShoppingCenter, Inc. v. Court of Appeals (1990), 56 Ohio St.3d 33, 36.
Donald assigns no errors to the trial court's October 3, 2000 order, the order from which he timely appeals. Consequently, this Court affirms that order.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
BATCHELDER, P.J., BAIRD, J. CONCUR.