This cause was heard upon the record in the trial court and the following disposition is made:
Appellant, Jan Keating, appeals from a judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, that found her in contempt of a prior court order, but held sentencing in abeyance, pending an opportunity for Appellant to purge herself of the contempt. We dismiss for lack of jurisdiction.
This case has a lengthy history, beginning with the divorce between Appellant and Appellee, Bradley Keating. The only order at issue in this appeal, however, is the trial court's order filed December 17, 2001, which found Appellant in contempt for failure to pay child support, but sentencing was "held in abeyance to allow Defendant to purge her contempt. * * * Should Defendant fail to purge her contempt as ordered she shall appear for sentencing on February 12, 2002[.]" Appellant filed her notice of appeal on January 9, 2002, and later moved the trial court to stay the imposition of sentence. Consequently, according to the trial court's docket, no sentence was ever imposed.
Section 3(B)(2), Article IV of the Ohio Constitution limits this court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88.
"Contempt of court consists of two elements. The first is a finding of contempt of court and the second is the imposition of a penalty or sanction, such as a jail sentence or fine. Until both a finding of contempt is made and a penalty imposed by the court, there is not a final order. The mere adjudication of contempt is not final until a sanction is imposed." Chain Bike Corp. v. Spoke `N Wheel, Inc. (1979),64 Ohio App.2d 62, 64.
In this case, as in Chain Bike Corp., the trial court entered a finding of contempt but postponed the imposition of sentence until a later date. See, also, Eggett v. Eggett (Feb. 3, 1995), 11th Dist. No. 94-L-090. Although the date set for sentencing has come and gone, the trial court's docket indicates that it did not impose sentence on that day. Consequently, the contempt order is not final and this court is without jurisdiction to hear this appeal.
CARR, J., BATCHELDER, J. CONCUR.