OPINION
{¶ 1} Attorney Dennis Reimer represents Appellant The Huntington Mortgage Company ("Huntington") and appeals the decision of the Ashland County Court of Common Pleas that ordered him to pay Attorney John Donaldson $510.22 for sanctions as a result of Attorney Reimer's failure to appear at a hearing conducted on February 11, 2002. The following facts give rise to this appeal.
 {¶ 2} The underlying facts of this case involve a foreclosure action commenced by Huntington, in February 1998, on property located at 968 Summit Drive, Ashland. Guy Rainey had a valid mechanic's lien on the property for the remodeling of the property. The matter was terminated by a judgment entry filed on February 2, 1999, which granted judgment to Huntington in the amount of $61,533.08, plus interest at the rate of 8.375% per annum from February 1, 1997, plus sums advanced for taxes, insurance and property preservation.
 {¶ 3} The matter eventually went to sale on October 22, 2001, and Huntington purchased the property for the sum of $88,000. In order to complete the foreclosure action, Attorney Reimer prepared and circulated a proposed judgment entry confirming sale and ordering distribution. The proposed judgment entry did not indicate how payoff figures and interest were calculated, did not contain a breakdown of the distribution proceeds and did not contain signature lines for the parties. Further, Attorney Donaldson contends his office contacted Attorney Reimer regarding the calculations, but Attorney Reimer refused to provide any figures.
 {¶ 4} Thereafter, Attorney Donaldson filed a motion for "In-Chambers Pre-Trial Conference" on January 24, 2002. The trial court scheduled a hearing on Attorney Donaldson's motion for February 11, 2002. Attorney Reimer requested a continuance of the hearing on February 4, 2002. The trial court denied Attorney Reimer's request on February 8, 2002, and proceeded with the hearing as scheduled. Attorney Reimer did not appear at the hearing.
 {¶ 5} Thereafter, the trial court filed the proposed judgment entry confirming sale on February 27, 2002. On this same date, the trial court also filed a judgment entry granting Attorney Donaldson's request for sanctions. This judgment entry contained language that if Attorney Reimer failed to pay the sanctions by March 15, 2002, he would be required to appear before the trial court on March 18, 2002, to show cause why he should not be held in indirect contempt for failure to appear at the hearing on February 11, 2002, and failure to pay the sanctions.
 {¶ 6} Subsequently, on March 15, 2002, Attorney Reimer filed a motion for stay upon execution in order to appeal the trial court's sanctions of $510.22. The trial court granted said stay and ordered appellant to post a $700 bond. Attorney Reimer timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. THE COURT ABUSED ITS DISCRETION IN NOT GRANTING THE WRITTEN MOTION FOR CONTINUANCE BASED UPON THE REPRESENTATION THAT THE ATTORNEY FOR APPELLANT WOULD BE ON VACATION ON THE DATE OF THE PRE-TRIAL CONFERENCE.
 {¶ 8} "II. THE COURT ERRED IN GRANTING ITS ORDER OF FEBRUARY 27, 2002 GRANTING SANCTIONS AND ATTORNEY FEES AND ORDERING THE ATTORNEY FOR APPELLANT TO APPEAR ON OR BEFORE MARCH 18, 2002.
 {¶ 9} "III. THE COURT ERRED IN GRANTING SANCTIONS FOR FAILING TO APPEAR AT THE FEBRUARY 11, 2002 HEARING."
 I {¶ 10} Attorney Reimer contends, in his First Assignment of Error, the trial court abused its discretion when it denied his motion to continue the pretrial conference. We disagree.
 {¶ 11} The grant or denial of a continuance is a matter that is entrusted to the sound discretion of the trial court. State v. Unger
(1981), 67 Ohio St.2d 65, syllabus. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} In determining whether a trial court abused its discretion in denying a motion for a continuance, an appellate court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconveniences to witnesses, opposing counsel and the court; (4) whether there is a legitimate reason for the continuance; (5) whether the defendant contributed to the circumstances giving rise to the need for the continuance; and other relevant factors, depending on the unique facts of each case. Unger at 67-68; State v. Holmes (1987),36 Ohio App.3d 44, 47-48.
 {¶ 13} Attorney Reimer based his request for a continuance upon the fact that he would be out of town on vacation on the date scheduled for the pretrial. Attorney Reimer contends the trial court should have granted his request for a continuance because he only requested a short delay, the request was for a legitimate reason, and he did not contribute to the circumstances giving rise to the continuance.
 {¶ 14} We conclude the trial court did not abuse its discretion when it denied Attorney Reimer's motion for a continuance. A trial court has the right to control its own docket and the public's interest in prompt and efficient dispatch of justice. Allegedly, it was Attorney Reimer's own conduct that resulted in the need for a pretrial conference. Further, if Attorney Reimer was unable to appear at the scheduled pretrial, he could have arranged for other counsel to be present on his behalf as he admits in his brief that the purpose of the pretrial was to determine the indebtedness due Huntington which involved a simple calculation.
 {¶ 15} Accordingly, the trial court did not abuse its discretion when it denied Attorney Reimer's request for a continuance.
 {¶ 16} Attorney Reimer's First Assignment of Error is overruled.
 II {¶ 17} In his Second Assignment of Error, Attorney Reimer maintains the trial court erred when it granted Attorney Donaldson's motion for sanctions and ordered Attorney Reimer to appear before the court on March 18, 2002. We disagree.
 {¶ 18} In support of this assignment of error, Attorney Reimer argues that since there were no proceeds available to Appellee Kelly following the sale, there was no controversy before the trial court and therefore, no need for a pretrial conference since the entire matter was rendered moot by the bid and the calculations that would follow by using the judgment originally filed in this matter.
 {¶ 19} We disagree with Attorney Reimer's argument and instead find the pretrial conference was not moot as it was necessary to determine the indebtedness due Huntington. Further, Attorney Reimer's failure to appear at the hearing, that was necessitated by his own conduct, was willful noncompliance with a court order. Thus, we believe the trial court acted within its discretion when it imposed the challenged sanctions. Also, under this assignment of error, appellant challenges the trial court's order that he appear on March 18, 2002, to show cause why he should not be held in indirect contempt of court if he fails to pay the sanctions. We will not address the merits of this argument as the issue of indirect contempt is not a final appealable order. Ohio appellate courts have jurisdiction to review the final orders or judgments of inferior courts within their district. Section3(B)(2), Article IV of the Ohio Constitution. See, also, R.C. 2501.02. If a judgment is not a final appealable order, then an appellate court has no jurisdiction to review the matter and it must be dismissed.Prod. Credit Assn. v. Hedges (1993), 84 Ohio App.3d 207, 210 at fn. 2;Kouns v. Pemberton (1992), 84 Ohio App.3d 499, 501, overruled on other grounds.
 {¶ 20} In the case of Chain Bike v. Spoke `N Wheel, Inc. (1979),64 Ohio App.2d 62, 64, the Eighth District Court of Appeals explained the necessity of a final appealable order as it pertains to civil contempt. The court stated:
 {¶ 21} "Contempt of court consists of two elements. The first is a finding of contempt of court and the second is the imposition of a penalty or sanction, such as a jail sentence or fine. Until both a finding of contempt is made and a penalty imposed by the court, there is not a final order. The mere adjudication of contempt is not final until a sanction is imposed."
 {¶ 22} In the case sub judice, the trial court did not find Mr. Reimer in contempt and did not impose a sanction for contempt. Instead, a careful reading of the trial court's judgment entry indicates the trial court granted Attorney Donaldson's motion for sanctions and awarded attorney's fees in the amount of $510.22. The trial court indicated that Attorney Reimer would have until March 15, 2002, at 4:00 p.m., to pay this amount to Attorney Donaldson and provide proof to the trial court of such payment. The trial court further held that if Attorney Reimer failed to pay the sanctions ordered by the trial court, he would be required to appear before the court and show cause why he should not be held in indirect contempt for failure to appear at the hearing on February 11, 2002, and failure to pay the sanctions as previously ordered.
 {¶ 23} Therefore, based upon the language of the judgment entry, we conclude the trial court did not hold Attorney Reimer in contempt. Rather, the language of the judgment entry indicates that if Attorney Reimer fails to pay the ordered sanctions, he would be required to appear and explain why he should not be held in indirect contempt. Further, the sanctions the trial court ordered Attorney Reimer to pay were not the result of indirect contempt, but instead in response to Attorney Donaldson's motion for sanctions due to Attorney Reimer's failure to appear at the scheduled hearing.
 {¶ 24} Because the trial court made no finding of contempt and did not impose a penalty, we conclude we do not have jurisdiction to review the trial court's judgment as it pertains to the issue of indirect contempt.
 {¶ 25} Attorney Reimer's Second Assignment of Error is overruled.
 III {¶ 26} In his Third Assignment of Error, Attorney Reimer contends the trial court erred when it granted sanctions for failing to appear at the pretrial conference. For the reasons stated in the Second Assignment of Error, we overrule this argument. However, Attorney Reimer also challenges, under his Third Assignment of Error, the fact that the trial court did not conduct a hearing on the motion for sanctions filed by Attorney Donaldson.
 {¶ 27} As we stated in Cesa v. Cesa (Nov. 29, 2001), Coshocton App. No. 01 CA 12, "Our research reveals that a hearing on attorney fees is not required under Ohio law unless the fees are a sanction for frivolous conduct under R.C. 2323.51 or other statutory section that requires a hearing." Id. at 4. Attorney Donaldson's motion for sanctions was not made pursuant to any section of the Revised Code. Accordingly, Attorney Reimer was not entitled to a hearing on Attorney Donaldson's motion for sanctions.
 {¶ 28} Attorney Reimer's Third Assignment of Error is overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P.J., and Boggins, J., concur.
Topic: Civil Contempt not a FAO.