MEMORANDUM OPINION
{¶ 1} On May 4, 2004, appellant, Linnette Davis, filed a notice of appeal from an April 5, 2004 judgment of the Geauga County Court of Common Pleas. In that judgment, the trial court found appellant in contempt and ordered her to serve five days in the Geauga County Safety Center unless she purged herself of the contempt by paying appellee, Gary Davis, $2,818.26 by July 1, 2004.
 {¶ 2} On July 6, 2004, this court issued a judgment entry ordering appellant to show cause why this case should not be dismissed. Relying on In re Smeed (May 24, 1996), 11th Dist. No. 96-L-059 and Eggett v. Eggett (Feb. 3, 1995), 11th Dist. No. 94-L-090, this court stated that a contempt judgment is not a final appealable order when the contemnor still has an opportunity to purge by performing the required act.
 {¶ 3} On July 22, 2004, one day past the deadline for filing a response, appellant filed a memorandum in support of jurisdiction. Thus, this appeal could be dismissed for failure to prosecute as outlined in this court's July 6, 2004 judgment. However, appellant's memorandum will be considered on its merits. No response has been filed by appellee.
 {¶ 4} Appellant argues that she is caught between two impossible choices. If she purges herself of contempt, an appeal would then be moot. That is correct.
 {¶ 5} In the alternative, if she refuses to purge herself of contempt, the trial court will likely refuse to stay its judgment because appellant has no funds to post a supersedeas bond and, therefore, she would end up serving her jail time before an appeal could be heard. That is pure speculation on appellant's part. Once her sentence is ordered to be imposed, she may then seek a stay from the trial court. If that is unsuccessful, she can seek a stay from this court.
 {¶ 6} The law is clear: a contempt citation is not a final appealable order if it only imposes a conditional punishment coupled with an opportunity to purge the contempt. Board ofTrustees of Concord Twp. V. Baumgardner, 11th Dist. No. 2002-G-2430, 2003-Ohio-4361, ¶ 12. Until the opportunity to purge has been removed, there is no final appealable order.
 {¶ 7} Accordingly, this appeal is sua sponte dismissed for lack of a final appealable order.
Appeal dismissed.
Ford, P.J., and Christley, J., concur.