THE STATE OF OHIO, APPELLANT, *v*. BARTRUM, APPELLEE.

[Cite as *State v. Bartrum*, 121 Ohio St.3d 148, 2009-Ohio-355.]

(No. 2007–2193—Submitted November 18, 2008—Decided February 5, 2009.)

─────────────

─────────────

LANZINGER, J.

{¶ 1} In this case, we accepted the state of Ohio's sole proposition of law to determine whether an actual minor must exist in order to convict a defendant of a violation of former R.C. 2907.21(A)(3), compelling prostitution of a minor. Because the statute is ambiguous and therefore must be strictly construed against the state, we hold that under former R.C. 2907.21(A)(3) (now R.C. 2907.21(A)(3)(a)), a defendant may not be convicted of compelling prostitution unless an actual minor exists.

## I. Case Background

{¶ 2} For agreeing to pay $500 in exchange for sexual activity involving a woman and her fictitious 11–year–old daughter, appellee William C. Bartrum was indicted on one count of compelling prostitution in violation of R.C. 2907.21 in 2006. On February 18, 2006, a confidential informant contacted the Cuyahoga Falls Police Department and reported that a man had contacted her to solicit a mother and 11–year–old daughter for prostitution. A detective subsequently initiated an investigation. The confidential informant exchanged a series of phone calls and text messages with Bartrum, during which she posed as a mother willing to prostitute her minor daughter. During these conversations, she arranged for herself and her fictitious 11–year–old daughter to meet Bartrum for

sexual activity in exchange for $500. During one phone call, a Cuyahoga Falls police dispatcher posed as the daughter. But no actual minor existed.

{¶ 3} Bartrum agreed to meet on the evening of February 18, 2006, at a motel on Graham Road in Cuyahoga Falls. That night, while Bartrum spoke on the phone with the confidential informant while he was driving toward Graham Road, Bartrum stated that he was within ten minutes of the motel. He never arrived at the motel, later claiming he had become scared and had decided not to go through with the agreement. Bartrum was arrested on February 24, 2006, and charged with compelling prostitution, a felony of the third degree in violation of R.C. 2907.21. A jury found Bartrum guilty.

{¶ 4} Bartrum appealed, contending among other arguments that his conviction was not supported by sufficient evidence. The Ninth District Court of Appeals reversed, holding that a defendant cannot be convicted of violating former R.C. 2907.21(A)(3) unless he pays or agrees to pay an actual minor to engage in sexual activity. *State v. Bartrum*, Summit App. No. 23549, 2007-Ohio-5410, 2007 WL 2935880, ¶ 31.

{¶ 5} The state of Ohio appealed, and we accepted jurisdiction. *State v. Bartrum*, 117 Ohio St.3d 1438, 2008-Ohio-1279, 883 N.E.2d 456. The state asks us to hold that "[i]n a prosecution under R.C. 2907.21(A)(3) it is not necessary that there is an actual minor in order to convict the defendant."

## II. Legal Analysis

{¶ 6} During the period of time relevant to this case, R.C. 2907.21 provided:

{¶ 7} "(A) No person shall knowingly do any of the following:

{¶ 8} " * * *

{¶ 9} "(3) Pay or agree to pay a minor, either directly or through the minor's agent, so that the minor will engage in sexual activity, whether or not the offender knows the age of the minor[.]

{¶ 10} " * * *

{¶ 11} "(B) Whoever violates this section is guilty of compelling prostitution." Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7266–7267.[1]

---

1. {¶ a} The current version of R.C. 2907.21 became effective on September 11, 2008. The quoted subsection (3) is identical to current subsection (3)(a), and a new subsection (3)(b) has been added. The statute now provides:

{¶ b} "(A) No person shall knowingly * * *:

{¶ c} " * * *

{¶ d} "(3)(a) Pay or agree to pay a minor, either directly or through the minor's agent, so that the minor will engage in sexual activity, whether or not the offender knows the age of the minor;

{¶ 12} Appellant argues that Bartrum's conviction was supported by sufficient evidence based upon the reasoning found in *State v. Adrian,* 168 Ohio App.3d 300, 2006-Ohio-4143, 859 N.E.2d 1007, and *State v. Goldblatt,* 8th Dist. Nos. 87442 and 87462, 2006-Ohio-5930, 2006 WL 3233946. Neither case, however, assists us in our analysis of the present case. In *Adrian,* the Second District Court of Appeals held that the state's evidence was sufficient to support the defendant's conviction for attempted rape. *Adrian,* at ¶ 24. The attempt statute at issue in *Adrian* clearly differs from the statute on compelling prostitution in the present case. The attempt statute provides that factual or legal impossibility is not a defense to a charge of attempt if the "offense could have been committed had the attendant circumstances been as the actor believed them to be." R.C. 2923.02(B). Such language is absent from the compelling-prostitution statute as it was written before the 2008 amendment, and Bartrum was not charged with any attempt offense.

{¶ 13} *Goldblatt,* likewise, is not instructive in this case. Like Bartrum, the defendant in *Goldblatt* was charged with and convicted of compelling prostitution after he had agreed to pay for sexual activity with a nonexistent minor. *Goldblatt,* 2006-Ohio-5930, 2006 WL 3233946, at ¶ 1, 43. In affirming the conviction, however, the Eighth District Court of Appeals appears to have mistakenly relied upon *Adrian* as authority for finding that no actual minor is necessary for a conviction for compelling prostitution. Id. at ¶ 47–49. The Eighth District did not engage in any further discussion of the statute on compelling prostitution; therefore, its analysis does not aid us in our consideration of the present case.

{¶ 14} Former R.C. 2907.21(A)(3) clearly proscribes agreeing to pay a minor to engage in sexual activity. The statute also explicitly states that an offender will be guilty of compelling prostitution regardless of whether the offender knows the age of the minor. In addition, payment may be made either directly to the minor or through the minor's agent.

{¶ 15} The statute does not address whether payment to or an agreement to pay an actual minor is necessary for conviction. The state argues that payment to or agreement to pay an actual minor is immaterial because Bartrum did seek to pay for sexual activity with a minor and because the statute does not require any sexual activity for a conviction. Although the offense is completed as soon as the offender has agreed to pay a minor for sexual activity, and no sexual activity is required, this does not lead to a conclusion that payment to or an agreement to pay an actual minor is irrelevant. Likewise, although the statute states that an

---

{¶ e} "(b) Pay or agree to pay a person the offender believes to be a minor, either directly or through the person's agent, so that the person will engage in sexual activity, whether or not the person is a minor."

offender will be guilty regardless of whether he knows the age of the minor, we agree with the Ninth District that the statute does not explicitly prohibit agreements "believed to be with a minor." 2007-Ohio-5410, 2007 WL 2935880, ¶ 26.

{¶ 16} Subsection (3) of former R.C. 2907.21(A) prohibits knowingly paying or agreeing to pay "a minor, either directly or through the minor's agent, so that the minor will engage in sexual activity, whether or not the offender knows the age of the minor." The statute's repeated references to "the minor" could reasonably lead one to believe that an actual minor is necessary for conviction. Similarly, the clause addressing payment to "the minor's agent" might indicate that an actual minor is necessary. It is axiomatic that for an agent to exist, a principal must also exist. See Restatement of the Law 3d, Agency (2006), Section 1.01. In order for a minor's agent to exist, it would follow that a minor principal must also exist. Although R.C. 2907.21(A)(3) does not explicitly state that an actual minor must exist, there is a reasonable argument that the statute requires this.

{¶ 17} The language of former R.C. 2907.21 is ambiguous as to whether an actual minor is necessary for a conviction. Because the statute is silent on whether an actual minor is necessary but provides that the agreement may be made with an agent, one could reasonably assume that the statute should apply even when there is no minor; however, alternatively read, the statute's repeated references to "the minor" and the nature of the agent-principal relationship indicate that existence of an actual minor is necessary for conviction.

{¶ 18} We have emphasized that " 'where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant.' " *State v. Young* (1980), 62 Ohio St.2d 370, 374, 16 O.O.3d 416, 406 N.E.2d 499, quoting *United States v. Bass* (1971), 404 U.S. 336, 348, 92 S.Ct. 515, 30 L.Ed.2d 488. See also *State v. Price*, 118 Ohio St.3d 144, 2008-Ohio-1974, 886 N.E.2d 852, ¶ 36. R.C. 2901.04(A) provides that the sections of the Revised Code that define offenses "shall be strictly construed against the state, and liberally construed in favor of the accused."

{¶ 19} Because we must resolve this ambiguity in favor of the defendant, we hold that the statute requires existence of an actual minor. In so holding, we note that this version of the statute is no longer in effect. The current version of R.C. 2907.21(A)(3) adds subsection (b), which expands the definition of compelling prostitution to include those who "[p]ay or agree to pay *a person the offender believes to be a minor*, either directly or through the *person's* agent, so that *the person* will engage in sexual activity, whether or not *the person* is a minor." (Emphasis added.) This new language addresses the ambiguity of the former version, making it clear that an actual minor is now not necessary for a conviction

152

of compelling prostitution. Accordingly, our decision in this case is limited to the previous version of the statute effective at the time of Bartrum's conviction.

### III. Conclusion

{¶ 20} We hold that under former R.C. 2907.21(A)(3) (now R.C. 2907.21(A)(3)(a)), a defendant may not be convicted of compelling prostitution without the existence of an actual minor whom the defendant paid or agreed to pay. We therefore affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, and CUPP, JJ., concur.

O'DONNELL, J., dissents.

---

**O'DONNELL, J., dissenting.**

{¶ 21} I would dismiss this appeal as having been improvidently accepted because there is little if any legal value in issuing this opinion, as the General Assembly has now modified the statute that we interpret in this case.

{¶ 22} The majority correctly refers to the appropriate portion of former R.C. 2907.21:

{¶ 23} "(A) No person shall knowingly do any of the following:

{¶ 24} " * * *

{¶ 25} "(3) Pay or agree to pay a minor, either directly or through the minor's agent, so that the minor will engage in sexual activity, whether or not the offender knows the age of the minor." Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7266–7267.

{¶ 26} What the majority explains in a footnote, however, is the fact that effective September 11, 2008, this statute has been amended. The majority further admits that its holding is limited to an interpretation of the prior version of the statute. As amended, the statute now reads:

{¶ 27} "(A) No person shall knowingly do any of the following:

{¶ 28} " * * *

{¶ 29} "(3)(a) Pay or agree to pay a minor, either directly or through the minor's agent, so that the minor will engage in sexual activity, whether or not the offender knows the age of the minor;

{¶ 30} "(b) Pay or agree to pay *a person the offender believes to be a minor,* either directly or through the person's agent, so that the person will engage in sexual activity, whether or not the person is a minor." (Emphasis added.)

{¶ 31} The single issue here is whether a defendant may be convicted of violating the former version of this statute when there was no actual minor whom the defendant paid or agreed to pay. The Ninth District Court of Appeals resolved that issue in the same fashion as this court now does. However, our role as a court of last resort is not to serve as an additional court of appeals on review, but rather to clarify rules of law arising in courts of appeals that are matters of public or great general interest. See Section 2(B)(2)(e), Article IV of the Ohio Constitution (providing that the Supreme Court may direct a court of appeals to certify its record "[i]n cases of public or great general interest"). If, upon hearing an appeal on the merits, this court concludes that the case does not present or no longer presents a question of public or great general interest, this court should dismiss the appeal as having been improvidently accepted. See *Williamson v. Rubich* (1960), 171 Ohio St. 253, 259, 12 O.O.2d 379, 168 N.E.2d 876 (dismissing the appeal as having been improvidently accepted "where [the] case presented on the merits is not the same case as presented on motion to certify"); S.Ct.Prac.R. 12(A) ("When a case has been accepted for determination on the merits pursuant to S.Ct.Prac.R. III, the Supreme Court may later find that there is no substantial constitutional question or question of public or great general interest, or that the same question has been raised and passed upon in a prior appeal. Accordingly, the Supreme Court may *sua sponte* dismiss the case as having been improvidently accepted, or summarily reverse or affirm on the basis of precedent").

{¶ 32} Because the General Assembly has resolved the issue over which we accepted jurisdiction in this case by its amendment of R.C. 2907.21(A)(3), writing an opinion does little to clarify the law. Moreover, because of this amendment, the matter is not likely to arise in the future. Accordingly, in my view, this case should be dismissed as having been improvidently accepted.

---

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellant.

Christopher P. Muntean, for appellee.