[Cite as *B.J. Alan Co. v. Andrews*, 2011-Ohio-5165.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| B.J. ALAN COMPANY, | ) | |
| | ) | CASE NO.    10 MA 87 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| FRED ANDREWS, et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from Common Pleas Court,
                                                      Case No. 05CV3942.

JUDGMENT:                                    Affirmed.

APPEARANCES:
For Plaintiff-Appellee:                       Attorney Timothy Jacob
                                                      Attorney C. Scott Lanz
                                                      201 East Commerce Street
                                                      Atrium Level Two
                                                      Youngstown, Ohio  44503-1641

For Defendants-Appellants:                Attorney Michael Rossi
                                                      151 East Market Street
                                                      P.O. Box 4270
                                                      Warren, Ohio  44482

JUDGES:
Hon. Joseph J. Vukovich
Hon. Timothy Cannon,
        Judge of the Eleventh District Court
        Of Appeals, Sitting by Assignment
Hon. Mary Jane Trapp,
        Judge of the Eleventh District Court
        Of Appeals, Sitting By Assignment

                                                      Dated:  September 30, 2011

VUKOVICH, J.

¶{1} Defendant-appellant Fred Andrews, et al., appeals the decision of the Mahoning County Common Pleas Court ordering him to pay attorney fees to plaintiff-appellee B.J. Alan Co. due to B.J. Alan's expenditures in enforcing an injunction against Andrews in a contempt proceeding. Appellant first argues that under the original order, he was not required to pay attorney fees unless he wished to purge his contempt. He states that said order was final and thus no later order can modify his obligation to pay attorney fees from conditional to mandatory. He also asserts that a procedural issue requires reversal, arguing that although he stipulated at a hearing that $20,000 constituted reasonable attorney fees, the court improperly entered an order for this amount without waiting for the issuance of a magistrate's decision first. For the following reasons, the judgment of the trial court is affirmed.

## STATEMENT OF THE CASE

¶{2} B.J. Alan received an injunction against appellant for violating a non-compete clause. Thereafter, B.J. Alan filed a motion to show cause for violating the injunction. On June 23, 2009, the magistrate agreed that appellant was in contempt of the court's prior order, finding:

¶{3} "44. As a result of the Defendant's violations of the injunction, Plaintiff has been deprived of the remedy which this court ordered. The Courts finds that an extension of the injunction for the 12 month period from the date this order is a reasonable sanction and will restore the status quo which existed at the time of the Magistrate's Decision of June 1, 2006.

¶{4} "45. The Court further finds that an award of attorney fees and costs incurred by Plaintiff in prosecuting these contempt proceedings is appropriate and just. An award of attorney fees is within the Court's discretion. While proof of a willful and intentional violation of the injunction is not a prerequisite to an award of attorney fees, the Court notes that Defendants had actual notice of the injunction orders and nevertheless continued to violate the restrictions ordered by the Court."

¶{5} In the Decision section of the order, the magistrate fined appellant $250, sentenced him to thirty days in jail, and stated:

¶{6} "5. Defendant may purge himself of contempt and avoid serving a jail sentence by strictly complying with all the Orders set forth below:

¶{7} "A. The Defendant Fred Andrews and Andbloom L.L.C. are refrained from competing in the retail distribution of fireworks within the geographical area specified in the Protective Agreement for a period of one year from the date of filing of this decision;

¶{8} "B. Defendants Andrews and Andbloom shall pay Plaintiff for attorney fees and costs incurred in the prosecution of these contempt proceedings. The amount and reasonableness of the fees and costs will be determined at the hearing presently scheduled * * *."

¶{9} The parties filed objections. B.J. Alan argued in part that paragraph 5 of the Decision portion of the order appeared to make attorney fees conditional and payable only if appellant wished to avoid jail. On March 8, 2010, the court summarily overruled all objections, affirmed the magistrate's decision, and adopted it as the order of the court. The court then copied the Decision portion of the magistrate's order into its judgment entry.

¶{10} On April 9, 2010, B.J. Alan filed a motion for attorney fees incurred in the prosecution of the contempt proceedings, attaching an affidavit and fee statements totaling $25,055.22. B.J. Alan also filed a motion for reconsideration of the March 8, 2010 order asking that methods of purging be ordered unconditional and not just as ways to avoid jail. Appellant's only response to the reconsideration motion was that the March 8, 2010 order was final and thus could not be modified by reconsideration.

¶{11} On April 26, 2010, the magistrate held a compliance hearing. A decision was entered that same day finding that appellant failed to purge himself of contempt because he was still in competition with B.J. Alan. The magistrate then imposed the thirty-day jail sentence. The court adopted the magistrate's decision the same day.

¶{12} According to both parties' admissions on appeal, the parties entered a stipulation at the hearing before the magistrate agreeing that $20,000 was a fair and reasonable amount for attorney fees and this was done in lieu of requiring an "amount and reasonableness" hearing. The magistrate did not enter a decision regarding this topic. On April 26, 2010, the trial court signed an order, which was date-stamped the

next day. This entry stated that the matter came before the court on consideration of B.J. Alan's motion for attorney fees filed on April 9, 2010. The court ruled that $20,000 was fair and reasonable in the prosecution of the case and ordered judgment against appellant in this amount stating that execution may issue forthwith. Appellant filed timely notice of appeal from this order, and sets forth the following assignment of error:

¶{13} "THE TRIAL COURT ERRED IN ENTERING JUDGMENT AGAINST DEFENDANT, FRED ANDREWS, 'IN THE AMOUNT OF $20,000 [AND COSTS], AND FOR ALL OF WHICH EXECUTION MAY ISSUE FORTHWITH.'"

¶{14} As appellant breaks his arguments into three separate issues presented, we shall present our decision accordingly.

FIRST ISSUE PRESENTED

¶{15} "Where reversal is supported by conceded or controlling facts which were not substantially disputed below, the appellate court should render the judgment which the trial court ought to have rendered."

¶{16} Appellant urges here that the attorney fees mentioned in the March 8, 2009 entry were conditional in nature and that if appellant did not wish to purge his contempt but rather chose to serve his thirty-day jail sentence, then he was not obligated to pay the fees. He contends that the hearing where he stipulated that $20,000 was a reasonable amount in fees merely occurred in case he elected not to purge. Appellant thus claims that the language in the court's April 27, 2010 order, that execution can occur forthwith, was a mistake that we should merely delete.

¶{17} Initially, we point out that appellant's argument is focused on paragraph 5 of the Decision portion of the magistrate's June 23, 2009 order. However, he overlooks paragraph 45 finding that attorney fees were appropriate in this case. The trial court adopted the magistrate's decision in whole. Thus, there was an attorney fees entitlement without regard to the language of the Decision portion of the magistrate's order that the court copied into its judgment entry.

¶{18} Regardless, paragraph 5 of the Decision, which was copied into the court's judgment entry, did not provide that appellant had no obligation to pay attorney fees if he chose to go to jail. There are two important points to be made about the opening sentence of paragraph 5. First, it states that jail can be avoided by complying

with "Orders" set forth thereafter, one of which was payment of attorney fees.  This means that the attorney fees constituted an order itself, not just a condition of purging.  Second, the decision states that the "jail sentence" could be avoided by complying with certain orders; it did not state that attorney fees could be avoided.

¶{19} Finally, even if it were originally only a purge condition, the court later stated that the attorney fees were subject to immediate execution.  There is no indication that this was a mistake.  Notably, B.J. Alan had sought reconsideration so that this matter could be clarified.  Moreover, B.J. Alan had simultaneously filed a motion for attorney fees, on which the court was ruling.  "A trial court may, within its discretion, include attorney fees as part of the costs taxable to a defendant found guilty of civil contempt."  *Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho* (1990), 52 Ohio St.3d 56, 67.  In any event, appellant does not argue that imposition of attorney fees is erroneous or substantively unwarranted in this case.  Rather, he focuses on more procedural aspects of the case.  This leads to appellant's next argument.

<u>SECOND ISSUE PRESENTED</u>

¶{20} "After the time for appeal has run, a trial court's final judgment may be attacked only via Civil Rule 60(B), not by some ancillary post-judgment motion."

¶{21} Here, appellant contests B.J. Alan's ability to file the motions for reconsideration and for attorney fees after the entry of the March 8, 2010 judgment.  Appellant states that the court's entry adopting the magistrate decision was a final order, which should have been appealed (or protested by way of  Civ.R. 60(B) motion for relief from judgment).  He urges that by failing to do so, the motions were nullities and the court's April 27, 2010 is likewise a nullity.

¶{22} A contempt order is not final unless it contains both a finding of contempt and the imposition of a sanction.  *In re Estate of Orville*, 7th Dist. Nos. 04MA97, 04MA100, 2004-Ohio-6510, ¶36; *Board of Trustees of Chester Twp. v. Baumgardner*, 11th Dist. No. 2002-G-2430, 2003-Ohio-4361, ¶11.   Where the contempt order imposes a conditional sanction with the opportunity to purge, it is not final until the opportunity to purge has been removed.  *Carroll Cty. Bur. of Support v. Brill*, 7th Dist. No. 05CA818, 2005-Ohio-6788, ¶22, citing *Davis v. Davis*, 11th Dist. No. 2004-G-

2572, 2004-Ohio-4390, ¶6;. *Baumgardner*, 11th Dist. No. 2002-G-2430 at ¶12 (a conditional order of sentence is not the same as the imposition of sentence). Here, the March 8, 2010 judgment entry contained a conditional imposition of sentence only.

¶{23} Additionally, the order specifically set the case for further hearing on the amount of attorney fees. Thus, neither the purge order itself nor the attorney fees issue was final at that time. "The mere finding that a party is entitled to attorney fees from another party is not a final appealable order for purposes of review until the amount of attorney fees is actually ordered." *Dayton Women's Health Ctr. V. Enix* (1993), 86 Ohio App.3d 777, 780. As such, B.J. Alan's motion for attorney fees was not filed post-judgment. Similarly, the reconsideration request was not improper as the court's March 8, 2010 judgment entry was still interlocutory at that time. As such, the order was subject to modification, and/or the motion for attorney fees was properly filed while the contempt proceedings were still pending.

THIRD ISSUE PRESENTED

¶{24} "Under Civil Rule 53(D), a court judgment is voidable if entered without the benefit of magistrate decision or transcript of proceedings."

¶{25} Appellant briefly argues that the case should be remanded for a magistrate's decision memorializing the stipulation to the amount of attorney fees. He cites *Erb v. Erb* (1989), 65 Ohio App.3d 507 for the proposition that a court cannot adopt a magistrate's recommendation after a trial before a magistrate where no magistrate's decision was ever filed and no transcript of proceedings had been prepared for the trial court's review since there is a lack of information upon which a decision can be reached.

¶{26} B.J. Alan responds by citing *In re Estate of Hughes* (1994), 94 Ohio App.3d 551 for proposition that a failure to comply Civ.R. 53 constitutes grounds for reversal only if the appellant shows the alleged error has merit *and the error worked to the prejudice of appellant.* Appellant replies that no prejudice was found in *Hughes* because the procedural irregularities were irrelevant since the appellant eventually had the opportunity to object to all portions of the magistrate's decision, but here, he had no opportunity to object.

¶{27} Initially, we point out that the only portion of the court's decision that related to a topic discussed at the magistrate's hearing was the amount of attorney fees. The decision regarding whether attorney fees would be solely a purge condition or also an unconditional obligation was a legal decision before the court pursuant to various motions. (See prior issue presented.) Merely because a magistrate is hearing factual issues does not preclude a court from making legal decisions on motions filed concerning its interlocutory orders.

¶{28} It is thus the trial court's ability to enter a decision on attorney fees that appellant contests here. As aforementioned, appellant does not contest the amount per se but contests the court's ability to put on the order setting the amount when the court did not have a magistrate's decision before it; nor does appellant believe the court had before it a transcript of proceedings. As B.J. Alan notes, the court did have before it a motion for attorney fees requesting $25,055.02 supported by an affidavit with fee statements attached, and no response was filed by appellant.

¶{29} More importantly, a stipulation existed. Because this case involves a stipulation, it is distinguishable from *Erb* or *Hughes.* A stipulation eliminates any need for proof of the issue. See, generally, *Ish v. Crane* (1862), 13 Ohio St. 574. Appellant admits that he stipulated on the record that $20,000 was a reasonable amount for B.J. Alan's attorney fees in prosecuting the contempt proceedings. We cannot find prejudice to appellant in the court's adoption of this stipulation. Appellant does not cite us to a requirement that a stipulation must be made in some particular manner before the judge who memorializes it.

¶{30} For instance, if a party *admits* on appeal that he stipulated to an issue in chambers, he cannot expect to prevail on appeal merely because he never entered the stipulation in writing or in front of a court reporter. He can contest that he ever made such a stipulation, but he cannot admit that he did so and then ask for reversal just for the sake of procedure. See, generally, *Jackson v. Jackson* (1865), 16 Ohio St. 163 (one cannot appeal a judgment to which they agreed). In fact, appellant admits that he entered the stipulation on the record. Yet, appellant did not provide this court with the transcript of proceedings before the magistrate to establish that the stipulation

was entered before a magistrate as opposed to the trial court or that the trial court was not present at the hearing. See App.R. 9(B).

¶{31} In conclusion, prejudice is required in order for this court to reverse on such a matter. See *Hallworth v. Republic Steel Co.* (1950), 153 Ohio St. 349, 357; *Elser v. Parke* (1943), 142 Ohio St. 261, 272-273. Error in a civil case is harmless unless it results in a situation that is inconsistent with substantial justice. Civ.R. 61. See, also, *Continental Ins. Co. v. Whittington* (1994), 71 Ohio St.3d 150 (holding that even where a court erred in refusing to grant summary judgment, the error will become harmless later if the nonmovant thereafter provides evidence at trial). Under the particular facts of this case regarding an admission that a stipulation was entered below agreeing that $20,000 was a reasonable amount for attorney fees (and an undisputed affidavit establishing that over $25,000 was actually spent in fees), there is no prejudice in the trial court entering a judgment finding that $20,000 was a reasonable amount for attorney fees. The court's action in journalizing a stipulation here did not render a lack of substantial justice. See R.C. 2309.59 (reviewing court to disregard certain errors).

¶{32} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Cannon, J., concurs.
Trapp, J., concurs.