GAUTHIER, APPELLEE, *v.* GAUTHIER, APPELLANT, ET AL.

[Cite as *Gauthier v. Gauthier,* 137 Ohio St.3d 562, 2013-Ohio-5479.]

*Appeal dismissed as having been improvidently accepted.*

(No. 2012-1398—Submitted October 8, 2013—Decided December 18, 2013.)

APPEAL from the Court of Appeals for Warren County,

No. CA2011-05-048, 2012-Ohio-3046.

_____

{¶ 1} The cause is dismissed as having been improvidently accepted.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, and LANZINGER, JJ., concur.

KENNEDY, FRENCH, and O'NEILL, JJ., dissent.

_____

**KENNEDY, J., dissenting.**

{¶ 2} I respectfully dissent from the decision to dismiss this appeal as having been improvidently accepted. Appellant's, Forrest Gauthier's, proposition of law regarding whether a trial court's finding of contempt, with the opportunity to purge, is a final, appealable order presents a matter of public or great general interest, and I would address the merits of the appeal.

**Background**

{¶ 3} Appellant and appellee, Su Kang Gauthier, were granted a decree of divorce on March 3, 2009. The decree stated that appellant and appellee had entered into a written full-text separation agreement that "settled all of their differences, disagreements and property rights arising out of their marital relationship and agreed upon an equitable division of marital property, made provisions for payment of marital debts and obligations and agreed upon the amount, terms, conditions and duration of spousal support." The parties "also entered into a Memorandum Separation Agreement in which they summarized,

ratified, confirmed and adopted the terms and provisions of the Full Text Separation Agreement." The memorandum separation agreement was filed with the trial court; however, the full-text separation agreement was not filed with the trial court. According to the memorandum agreement, this arrangement was intended "to protect the privacy of the parties' financial dealings with one another and [was] necessitated by the fact that all documents journalized through the Clerk of Courts of Warren County, Ohio are by law available to the general public." The memorandum separation agreement was attached to the decree, and the full-text separation agreement was said to be incorporated into the decree by reference, as the only order of the court on matters pertaining to division of property, allocation of debts, and spousal support.

{¶ 4} With respect to the division of household goods and other personal property, the documents established that appellant was to provide appellee with the final list of items that he was to receive from the marital residence. Appellant was then to retrieve the items on or before April 30, 2009, weather permitting.

{¶ 5} On May 26, 2009, appellant filed a motion seeking to have appellee found in contempt of court for failing to allow appellant to retrieve his personal and business property by April 30, 2009. A hearing on appellant's motion was held before a magistrate.

{¶ 6} On October 4, 2010, the magistrate issued a decision finding appellee in contempt for failing to return appellant's property by April 30, 2009. The magistrate recommended that the parties be ordered to arrange for delivery of appellant's property that appellee acknowledged was in her possession and to conclude the process by November 30, 2010. As a sanction for appellee's contempt, the magistrate also recommended that appellee be ordered to pay $2,500 toward appellant's attorney fees and pay court costs in the matter.

{¶ 7} Appellant filed objections to the magistrate's decision. On December 1, 2010, the trial judge adopted the magistrate's finding that appellee

was in contempt but modified the magistrate's recommended sanction. In addition to the attorney fees and court costs, the trial judge found that an appropriate sanction for appellee's contempt was a 30-day jail sentence. The trial judge provided appellee with the opportunity to purge by complying with the terms set forth in the magistrate's decision on or before December 31, 2010. Neither party attempted to appeal that ruling.

{¶ 8} On January 12, 2011, appellant filed a motion to impose the sentence and a notice of failure to comply with the court order. He alleged that appellee had failed to return all the property to him by December 31, 2010, as ordered by the trial judge. Appellant sought to have the jail sentence imposed.

{¶ 9} The magistrate conducted a hearing on appellant's motion. The magistrate issued a decision finding that the evidence was insufficient to conclude that appellee still possessed appellant's property. Accordingly, the magistrate declined to recommend the imposition of the jail sentence.

{¶ 10} Appellant filed objections to the magistrate's decision. In a decision in April 2011, the trial judge agreed with the magistrate that based on the factual findings, the jail sentence could not be imposed. The trial judge amended the magistrate's decision by imposing a continuing order on appellee to look for the property appellant claimed he had not yet received and to return to appellant any found items.

{¶ 11} Appellant appealed to the Twelfth District Court of Appeals, arguing that the December 2010 contempt order had been final and appealable and thus should not have been modified later. The Twelfth District held:

> [T]he trial court's 2010 entry finding [appellee] in contempt and conditionally sentencing her to 30-days in jail was not a final, appealable order but rather an interlocutory order, which the trial court was free to reconsider and revise. See *Pitts* [*v. Ohio Dept. of*

*Transp.*]*, 67 Ohio St.2d [378] at 379 [423 N.E.2d 1105] (1981), fn. 1; Civ.R. 54(B).

2012-Ohio-3046 at ¶ 23.

{¶ 12} We accepted appellant's first proposition of law:

When a judge makes a finding of contempt that is made based upon the evidence presented and imposes a penalty, that order is a final appealable order, even if the party found in contempt has the opportunity to purge.

134 Ohio St.3d 1417, 2013-Ohio-158, 981 N.E.2d 883.

**Issue of Public or Great General Interest**

{¶ 13} Ohio's courts handle more than two million cases a year. Ohio Supreme Court, *2012 Ohio Courts Statistical Report* 175 (2013). The potential exists for a contempt ruling to be made in any of these cases. Domestic and juvenile actions particularly are rife with contempt rulings. While specific figures are not available, in light of the significant number of cases that are litigated yearly, there is a strong probability that Ohio's courts handle hundreds, if not thousands, of contempt motions yearly. Therefore, it is imperative that contempt orders that impose a penalty and provide purge conditions are reviewed by the appellate courts in a consistent manner. This is currently not the situation.

{¶ 14} Conflict exists not only among but within appellate districts regarding whether a contempt order that imposes a penalty or sanction and provides purge conditions is a final, appealable order. The Third, Fourth, Fifth, Sixth, and Eighth Districts have concluded that such an order is a final, appealable order. *In re R.T.A.,* 8th Dist. Cuyahoga No. 98498, 2012-Ohio-5080, ¶ 6; *In re J.Z.,* 6th Dist. Huron No. H-11-003, 2012-Ohio-1105, ¶ 7; *Frey v. Frey,* 197 Ohio

4

App.3d 273, 2011-Ohio-6012, 967 N.E.2d 246, ¶ 17 (3d Dist.); *Davis-Wright v. Wright,* 4th Dist. Highland No. 09CA1, 2010-Ohio-3984, ¶ 8; *Peterson v. Peterson*, 5th Dist. Muskingum No. CT2003-0049, 2004-Ohio-4714, ¶ 8.

{¶ 15} There is discord within the Seventh District. While the Seventh District consistently holds that " '[t]o constitute a final appealable order in a contempt proceeding, the order must contain both a finding of contempt and the imposition of a sanction,' " *McCree v. McCree,* 7th Dist. Mahoning No. 01CA228, 2003-Ohio-1600, ¶ 21, quoting *Chain Bike Corp. v. Spoke 'N Wheel,* 64 Ohio App.2d 62, 64, 410 N.E.2d 802 (8th Dist.1979), the application of the holding is not uniform. In *McCree*, the Seventh District held that the trial court's order finding the defendant in contempt and imposing a 30-day jail term as a sanction unless he purged himself of the contempt by appearing at a scheduled compliance hearing was a final, appealable order. *Id.* at ¶ 21. It reasoned that notwithstanding the defendant's ability to purge the contempt by appearing at the hearing, the jail sentence was imposed, because "[t]he trial court did not defer the sentencing aspect of the contempt hearing or defer imposing a specific sentence." *Id.*

{¶ 16} In contrast is *B.J. Alan Co. v. Andrews,* 7th Dist. Mahoning No. 10MA87, 2011-Ohio-5165, in which the trial court found the defendant in contempt, sentenced him to 30 days in jail, but provided the defendant with the opportunity to purge the contempt and avoid the jail sentence. On appeal, the court concluded that the trial court's order was not a final, appealable order. "Where the contempt order imposes a conditional sanction with the opportunity to purge, it is not final until the opportunity to purge has been removed." *Id.* at ¶ 22, citing *Carroll Cty. Bur. of Support v. Brill,* 7th Dist. Carroll No. 05CA818, 2005-Ohio-6788, ¶ 22.

{¶ 17} In the Twelfth District Court of Appeals, there has been a recent about-face on this issue. On July 2, 2012, the Twelfth District held in this action

that the trial court's contempt order that imposed a sanction and provided purge conditions was not a final, appealable order. 2012-Ohio-3046, ¶ 23. However, on January 7, 2013, the court reached a contrary position in *Hetterick v. Hetterick*, 12th Dist. Brown No. CA2012-002, 2013-Ohio-15. In *Hetterick*, Ralph Hetterick was held in contempt for failing to pay his child's college expenses as ordered in the divorce decree. The trial court ordered Ralph to serve 30 days in jail and provided him with the opportunity to purge the contempt if he paid the ordered college expenses within six months. *Id.* at ¶ 10-11. On appeal, the Twelfth District stated, "Before a finding of contempt of court constitutes a final appealable order, two elements must exist: (1) a finding of contempt, and (2) the imposition of a penalty or sanction." *Id.* at ¶ 13, citing *State ex rel. Doe v. Tracy,* 51 Ohio App.3d 198, 555 N.E.2d 674 (12th Dist.1988). In applying this reasoning to Ralph's contempt order, the court concluded that it was a final, appealable order:

> The fact that the court gave [Ralph] six months to comply with its order in order to purge the contempt, however, did not in any way negate or eliminate the 30-day sentence. There is no indication in the record that any action other than [Ralph's] failure to purge would be necessary before the 30-day sentence is executed. Therefore, the finding or contempt and the imposition of the sentence has [sic] rendered the cause final and appealable.

*Id.* at ¶ 21.

{¶ 18} Finally, there is the consistent position of the Eleventh District Court of Appeals that a contempt order with purge conditions is not a final, appealable order. The Eleventh District holds that the second element of a final, appealable order, the imposition of a penalty or sanction, *see Chain Bike*, 64 Ohio

App.2d at 64, 410 N.E.2d 802, is not met if the trial court provides the contemnor with the opportunity to purge the contempt. *Armstrong v. Armstrong,* 11th Dist. Lake No. 2004-L-010, 2004-Ohio-1521, ¶ 4-5. *See also, e.g., Janecek v. Marshall*, 11th Dist. Lake No. 2010-L-059, 2011-Ohio-2994.

{¶ 19} The inconsistency on this issue around the state creates uncertainty for trial courts and litigants. Trial courts, counsel, and litigants in the Seventh District do not know which precedent will control. Further, litigants in the Eleventh District are treated differently than litigants in the Third, Fourth, Fifth, Sixth, and Eighth Districts, and now the Twelfth with the recent decision in *Hetterick.*

**Conclusion**

{¶ 20} This issue has plagued lower courts throughout our state. And this case is optimally positioned to resolve this question of law and provide guidance to appellate courts and litigants. The magistrate found appellee in contempt and imposed attorney fees and courts costs as a sanction. The trial judge adopted the contempt finding and the sanction of attorney fees and court costs, but modified the order and imposed the jail sentence. Additionally, the trial judge provided appellee with the opportunity to purge. This is not a case in which the trial judge held either the contempt finding or the sanction in abeyance in order to provide the party with an opportunity to comply with a court order.

{¶ 21} The division in the appellate courts and the large number of litigants who may face this type of contempt order compel us to exercise our constitutional duty. *See* Article IV, Section 2(B)(2)(e) of the Ohio Constitution. As eloquently stated in *State v. Bartrum,* 121 Ohio St.3d 148, 2009-Ohio-355, 902 N.E.2d 961, ¶ 31 (O'Donnell, J., dissenting), "our role as a court of last resort is not to serve as an additional court of appeals on review, but rather to clarify rules of law arising in courts of appeals that are matters of public or great general interest." Additional appellate review is not the exclusive result of our

examination of this issue; instead, it will result in a clear rule of law on an issue that is seen on many of Ohio's trial court dockets. Contempt proceedings may be for the enforcement of a court's injunction, of an order requiring counsel to hold attorney fees in trust for a future quantum meruit hearing, or, as in the current dispute, of an order for the return of personal property. Our review will have widespread effect and, thus, this issue embodies the concept of "public or great general interest." By dismissing this appeal, the majority is permitting the conflict in the appellate courts to continue and is denying the equality of appellate review to the citizens of Ohio. Therefore, I must dissent from the decision to dismiss the appeal as having been improvidently accepted.

FRENCH and O'NEILL, JJ., concur in the foregoing opinion.

_____

Robert A. Klinger Co., L.P.A., and Robert A. Klinger, for appellee.

Thomas E. Grossmann; Charles Fischer; and Burke Law Office, L.L.C., and Travis E. Burke, for appellant.

_____