[Cite as *Myers v. Myers*, 2013-Ohio-5804.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| AIMEE R. MYERS, | : | **MEMORANDUM OPINION** |
| Petitioner-Appellee, | : | |
| - and - | : | **CASE NO. 2012-A-0045** |
| ERIC S. MYERS, | : | |
| Petitioner-Appellant. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2000 DR 329.

Judgment: Appeal dismissed.

*Michael D. Brennan*, 5910 Landerbrook Drive, Suite 200, Mayfield Heights, OH 44124 (For Petitioner-Appellee).

*Linda D. Cooper*, Cooper & Forbes, 166 Main Street, Painesville, OH 44077-3403 (For Petitioner-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Eric S. Myers, filed a notice of appeal from the August 14, 2012 judgment of the Ashtabula County Court of Common Pleas, finding him guilty of contempt and sentencing him to 30 days in jail. In our judgment entry of August 27, 2013, we remanded the matter for a period of 30 days for the trial court to provide appellant with a time-frame within which to comply with the condition under which it suspended the jail term. Consequently, the trial court issued a September 4, 2013 judgment entry stating, inter alia, the following:

> The Respondent, Eric S. Myers, is granted thirty days from the date of this Judgment Entry to satisfy the condition upon which the sentence imposed in the Court's prior judgment entry dated August, 14, 2012 * * *.
>
> If the Respondent fails to satisfy this condition within thirty days, as set forth above, he shall report to the Ashtabula County jail on Monday, October 7, 2013 * * *.

{¶2} Thereafter, the trial court issued an October 4, 2013 judgment entry extending appellant's jail report date to November 7, 2013. The trial court then issued a subsequent judgment entry on November 5, 2013, cancelling the jail date of November 7, 2013, and scheduling the matter for a purge status hearing on January 29, 2014.

{¶3} The record has been refiled in this court and the appeal reinstated. However, it is clear from the trial court's September 4, 2013 judgment entry and subsequent judgment entries that we do not have before us a final, appealable order. Whether appellant will satisfy the conditions of the purge has yet to be determined. There is a split in authority as to when a contempt order becomes final. The Fifth, Sixth, and Eighth Appellate Districts hold that a contempt order is a final, appealable order if it includes both a finding of contempt and the imposition of a penalty. *McCrea v. McCrea*, 8th Dist. Cuyahoga No. 51324, 1986 Ohio App. LEXIS 9138 (Nov. 20, 1986); *Strong v. Strong*, 6th Dist. Lucas No. L-01-1464, 2002-Ohio-234; *Peterson v. Peterson*, 5th Dist. Muskingum No. CT2003-0049, 2004-Ohio-4714.

{¶4} This court, however, follows the proposition that where a contemnor still has an opportunity to purge the contempt by performing the required act, a contempt judgment is not a final, appealable order. *Davis v. Davis*, 11th Dist. Geauga No. 2004-G-2572, 2004-Ohio-4390, ¶6.

2

**{¶5}** Under either analysis, the within order is neither final nor appealable, for there is a review hearing set in January 2014 to determine the status of appellant's efforts to purge. As stated in our prior entry, an order must be final and appealable in order for this court to have jurisdiction to proceed. Because it is not, the within matter is dismissed for lack of a final, appealable order.

CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.